POTTER vs. BAKER and others.

Upon an appeal from a vice chancellor to the chancellor, the appellant must, within the time allowed by law for appealing, serve a notice of the appeal upon the solicitors of the several parties whose interests as to such appeal are adverse to that of the appellant; a mere constructive notice is not sufficient.

The appellate court, under the provisions of the revised statutes, with the assent of the obligors, may amend the appeal bond in matters of substance; as by adding the names of other sureties, where, by mistake or through inadvertence, the requisite number of sureties have not joined in the bond.

January 7.

THIS was a motion to dismiss an appeal from a final decree of the vice chancellor of the eighth circuit. The original suit was a bill of interpleader to settle the conflicting claims of three classes of defendants to a sum of money received by the complainant from the United States, on account of the destruction of a school house. The original proprietors of the building formed one class of claimants, and claimed the whole fund. The trustees of school district No. 1 formed a second class, and also claimed the whole. And the trustees of district No. 2 constituted the third class, and claimed one half of the fund as belonging to themselves, and that the other half belonged to the second class of claimants. The vice chancellor having decreed the whole fund in controversy to the trustees of district No. 1, the original proprietors of the school house appealed to the chancellor. After this appeal had been duly entered and perfected, the trustees of district No. 2 appealed from so much of the decree as adjudged that district No. 1 was entitled to the whole fund, and that district No. 2 was not entitled to any part thereof. The respondents applied to dismiss the last appeal, on the ground that notice of the appeal had not been served on the solicitor of the original proprietors of the school house, the appellants in the first appeal; and also on the ground that the appeal bond was defective in the manner of its approval, and in not containing the requisite number of sureties.

*A. Tabor*, for the appellants.

*J. Edwards*, for the respondents.

1834.

Potter
v.
Baker.

THE CHANCELLOR. The sixtieth section of the title of the revised statutes relative to the court of chancery, (2 *R. S.* 178,) directs the appeal from an order or decree of a vice chancellor to be made by serving notice of such appeal upon the solicitor of the adverse party, and on the register or clerk with whom the order or decree is entered. This notice should be in writing; and if only a part of the decree is appealed from, the notice should specify such part. The notice of the appeal which the solicitor of the original proprietors of the school house had in this case, by seeing the appeal bond when it was presented to him in his character of master in chancery, was not a notice served on the solicitor, within the spirit and intent of the statute. A mere constructive notice, or a notice which might put the adverse party on inquiry, is not sufficient in such a case. I am satisfied, however, that notice of the appeal to the original proprietors was not necessary, in this case, to render the appeal valid; as they were not the adverse parties to the appellants in this particular appeal. If the first appeal should be dismissed, no question could arise between the original proprietors and the trustees of school district No. 2, on this last appeal; as it is not broad enough for that purpose. The claim of the original proprietors to the whole fund will be disposed of on the first appeal. And if they succeed, the whole case will be disposed of. But if they fail, then the second appeal will enable the two school districts to settle their respective claims to the fund, as between themselves.

The appeal bond, however, was defective, as there was but one surety. (*Van Wezel* v. *Van Wezel*, 3 *Paige's Rep.* 38.) And the motion to dismiss the appeal must be granted, unless the court has the power to relieve the appellants, by an amendment of the bond, or otherwise. The proceedings upon appeals from the vice chancellors, except as to the time within which the appeal must be entered, by filing and serving the requisite notices, are regulated by a rule of the court, and

not by statute. I am therefore inclined to think that this court has the power to relieve the appellant, independently of any statutory provision. (*See Rule* 126, *and* 1 *Paige's R.* 391.) It is not necessary, however, to decide that question here; as I am satisfied this case comes within the 34th section of the title of the revised statutes which contains the general miscellaneous provisions concerning suits and proceedings in civil cases. (2 *R. S.* 556, § 34.) The counsel for the respondents supposes that the amendments authorized by that section of the statute, can only be amendments of mere formal defects; such as are described in the next preceding section. But the legislature never contemplated an actual amendment of a mere formal defect in the bond. Such defects are cured by the 33d section, without the necessity of an application to the court. The legislature having thus disposed of this class of cases, they intended, in the language of the revisors, in their note to the 34th section, to carry out the principle, by providing for an actual amendment of the bond, in matters of substance, where an error had occurred through inadvertence, or from a misapprehension of the law. In the present case there was no intention to delay the proceeding of the adverse party, by putting in an insufficient or defective bond. The appellant's solicitor had also some reason to suppose his practice was regular; as an officer of the court, whose duty it was to see that the bond was correct, approved of the same. The statute having authorized the court to amend the bond, where it is defective in any respect, this is a very proper case to grant such relief. The appeal bond may therefore be amended, by adding another surety thereto, with the written consent of the present obligors; which consent must be annexed to and filed with the bond.

The appellants must pay the costs of this application to dismiss the appeal. And they are to have thirty days to amend the appeal bond. If it is not done within that time, their appeal is to be dismissed, with costs.