## ELDRIDGE vs. HOWELL & HOWELL.

Upon an appeal from a vice chancellor to the chancellor, the notice of the appeal must be served on the solicitor of the adverse party, as well as upon the register or clerk, within the time limited by law for appealing.

The last clause of the 117th rule, which requires notice of the appeal to be served on the solicitor of the adverse party within eight days after the entering of the appeal, is only applicable to appeals from the chancellor to the court for the correction of errors.

An appeal from a final decree of a vice chancellor must be perfected within six months from the time of entering the decree. But the time for appealing from an interlocutory order or decree is to be computed only from the time of the receipt of notice thereof.

There can be no legal notice of an interlocutory order or decree, so as to limit the right of appealing therefrom, until such order or decree is drawn up and settled, or passed by the register or clerk with whom it is to be entered.

The securities in an appeal bond must each be worth double the amount of the penalty of the bond. And the officer approving the bond should, in his certificate of approval, certify that he approves of the sureties named in the bond, and that each of them is worth double the penalty of the bond, over and above all debts and responsibilities.

Upon an appeal from an order or decree of a vice chancellor, the chancellor may authorize an amendment of the appeal bond, either as to the amount or as to the approval thereof.

THIS was an application, on the part of the complainant, to dismiss an appeal, by the defendants, from an interlocutory order of the vice chancellor of the first circuit. The grounds of the application were, that notice of the appeal was not served upon the solicitor of the adverse party, as required by the statute, within the time allowed by law for appealing from an interlocutory order or decree; that the appeal bond was not executed by the appellants; and that the sureties in the appeal bond were not approved as is required by the 116th rule.

*R. H. Morris,* for the complainant. The notice of the appeal was not served in season. It must be served within the time allowed by law for appealing. The latter part of the 117th rule does not apply to appeals from the vice chancellors.

*May 26.*

(2 *R. S.* 178, § 56, 57. · 2 *Paige's Rep.* 413.) The bond is also defective. The appellant should have united in it. The sureties should have justified in double the amount of the penalty. It does not appear where they reside or whether they are householders. The master does not state in his certificate that he approves of the sureties. (*Van Wezel* v. *Van Wezel,* 3 *Paige's Rep.* 38.)

*W. N. Dyckman,* for the defendants. The notice of the appeal was served in season. It was served within eight days after the service of notice of the order ; which was within the time limited for appealing. The statute does not require the appellant to join in the bond. (2 *R. S.* 605, § 80 *to* 89, *Rule* 116.) If there is a defect in the form of the bond, or in the manner of approving of the same, it is amendable.

·THE CHANCELLOR. The respondent's counsel is right in supposing that upon an appeal from a vice chancellor to the chancellor, the notice of appeal must be served on the solicitor of the adverse party, as well as upon the register or clerk, within the time limited by law for appealing from the order, or decree, complained of by the appellant. (2 *R. S.* 178, § 60.) The last clause of the 117th rule of this court, only applies to appeals from the chancellor to the court for the correction of errors ; as to which there is no provision in the statute for the service of a notice of the appeal upon the adverse party, or his solicitor. Upon such an appeal, the appellant must also file a petition of appeal, with the register or assistant register in whose office the decree or order of the chancellor is entered, as required by the seventh rule of the court for the correction of errors, or the appellate court will dismiss the appeal. There is nothing in the papers on which the present application is founded, however, to show that the notice of appeal was not served, upon the solicitor of the respondent, within the time allowed by law for appealing. An appeal from a final·decree of a vice chancellor, must be entered and perfected within six months from the time of entering such decree. But upon an appeal from an interlocutory order or decree, the fifteen days is to be computed from the time

when the appellant or his solicitor has notice of the decree or order appealed from. And there can be no legal notice of the order, so as to limit the right of appeal, before the order is drawn up and settled or passed by the register or clerk with whom the same is to be entered. It appears, by the caption of this order, that it was entered the same day that the decision was pronounced. But as the solicitor for the appellants resided in Suffolk county, it is hardly probable that he could have received notice of the order until some time afterwards.

This court has recently decided that it is not necessary to the validity of an appeal that the appellant should join in the appeal bond.[a] It is sufficient if the bond is executed by two responsible sureties, and be approved of by the proper officer of the court. There is, however, an insurmountable objection to the validity of the appeal in this case. The injunction master has neither in form or substance approved of the sufficiency of the sureties in the appeal bond. He approves of the form and manner of execution of the bond, and certifies that each of the sureties who have executed the same is worth the sum of one hundred dollars over and above all debts and responsibilities. The requisite amount in which the sureties in this case should have been required to justify, in analogy to the security required upon a writ of error, and in conformity with the directions of the 172d rule, was double the amount of the penalty of the appeal bond. (*See* 2 *R. S.* 597, § 35. 3 *Paige's Rep.* 38.) And the master should have approved of the sufficiency of the sureties in the bond, as well as the form and execution of the bond itself. He should also have stated in his certificate of approval, that each of the sureties was worth double the amount of the penalty of the bond over and above all debts and responsibilities.

The irregularity in the justification, and in the approval of the sureties, in this case, was probably owing to a mere mistake or misapprehension of the practice. And the amount of the appeal bond, on an appeal from a decree or order of a vice chancellor, and the manner of approving the same, being regulated by a rule of this court, and not by an unbending statutory

(a) *The North American Coal Co.* v. *Dyett, ante,* 273.

provision as in the case of an appeal to the court for the correction of errors, this court may dispense with the strict letter of the rule, and permit a new bond to be filed and approved, upon the payment of costs. I have, therefore, looked into the merits of this case, upon the papers and the briefs of the parties which were submitted to the court upon the appeal, to see if an amendment of the affidavit of justification and a new approval of the appeal bond would benefit the appellants. Upon this examination of the merits of the case, I am satisfied the decision of the vice chancellor was correct. And the appeal being irregular, the motion to dismiss it is granted, with costs.