ALBANY,
Feb. 1839.

Hawley
v.
Bates.

## HAWLEY *vs.* BATES.

A replevin bond imperfect in itself and executed with but-one surety, will be allowed to be amended after service of the writ, upon payment of costs of motion to set aside the proceedings.

Feb. 1839.　　MOTION to set aside a *writ of replevin* and all subsequent proceedings upon the grounds that *no penalty* was inserted in the *replevin bond,* and that it was executed by the plaintiff with *but one surety.* On the part of the plaintiff it was shown, that previous to the service of notice of this motion, the bond was amended by the insertion of a penalty, and that a *new bond* with *two sureties* was delivered to the deputy sheriff who served the writ ; and further, that the omission to insert a penalty was the fault of the deputy. Before the service of the new bond, the papers for the motion had been prepared, and it did not appear that any offer had been made to pay the costs of such proceedings.

*W. Tracy,* for the motion.

*W. Hunt,* contra.

*By the Court,* NELSON, Ch. J. The writ of replevin was irregular without the bond required by the statute, 18 Wendell, 584 ; but as a new bond conforming thereto has been made and duly delivered, and as the error in the first bond arose from the mistake of the sheriff, we will allow the proceedings to stand good, on payment of the costs of this motion. This saves the defendant harmless, and secures him the benefit of the statute, without imposing upon the plaintiff the trouble and expense of a new suit.

Rule accordingly.