## Whaling vs. Shales.

In *replevin*, the bond to the sheriff must be executed by *two sureties*. Where there is but *one surety*, the defendant may move to set aside the proceedings, and is not bound to *except*. The plaintiff, however, on payment of costs, will be allowed to amend, by filing a new bond with sureties, and the sureties justifying.

*M. T. Reynolds*, for the defendant moved to set aside proceedings in replevin, on the ground that there was only one surety in the bond to the sheriff.    2 *R. S.* 523, § 7.

*R. W. Peckham*, for the plaintiff, insisted that the remedy was by *exception*, not by motion.    18 *Wendell*, 521, *and note*.

*By the Court*, Bronson, J.    The proceedings are *irregular* where there is only one surety : see 18 *Wendell*, 581, and 19 *id.* 632 ; and it is going quite far enough to save the action, by allowing an amendment on payment of costs of the motion. The proceedings must be set aside, unless the plaintiff executes a sufficient bond *nunc pro tunc*, and the sureties justify.

Ordered accordingly.