By the Court, Cowen, J.
The mistake in the form of the writ is merely clerical, and may be corrected by amendment. (Williams v. Rogers, 5 John. R. 163, 166, 7. Morrell v. Waggoner, id. 233.) The variance between the writ and summons was but formal, and could not well mislead. It informed the defendant of the term when the writ was returnable, and that the action was replevin. The summons is but a notice; and if it apprise the defendant of the proper term when he is to appear, he of course becomes fully informed as to the nature of the action by the declaration. If, on proper inquiry, he finds this to vary from the writ, he may move to set it aside; but we have never extended the same right to a formal slip in the summons. It is enough that the defendant be not misled. The statute, (2 R. S. 431, § 9, 2d ed.) requires only a brief statement, signed, &c. containing the name of the plaintiff and his attorney, the court and the time and place of the return.
Mistaking the proper clerk’s office, is not a ground for setting aside the proceedings. The statute pointing out *206 the place of return is merely directory. (Garlock v. Ontario Bank, 1 Wend. 288.)
The affidavit may be made by some one in behalf of the plaintiff, (2 R. ¡8. 431, i7, sub. 1, 2d ed. ;).but he must be enabled to speak from facts, independent of the mere information of the party." Here the attorney says, he was well acquainted with the facts; and, from such acquaintance, undertakes to say that the .property belongs to his clients. Such acquaintance may have been, and I infer from the attorney’s further affidavit that it was, derived from the mere statement of the clients, probably in a letter, or, at most, from some one who retained him. Such an affidavit is a mere evasion of the statute. We might as well, and even better, take the certificate of the client, without oath.
We have, however, allowed a good bond to be filed where that given at first was defective. (Hawley v. Bates, 19 Wend. 632. Whaling v. Shales, 20 id. 673.) The bond and affidavit are both required by the statute as preliminaries to warrant the service, (2 R. S. 431, § 7, 2d ed.) tire one in terms equally strong with the other; and I perceive nothing, in principle which forbids our allowing an amended affidavit any more than a bond.
The bond is admitted to be defective, there being only, one surety; but this defect, like all the others in the proceedings, is shown to have been a consequence of haste and clerical mistake, the defective attestation inclusive.
The plaintiffs may therefore amend all the defects, upon payment of costs.
Rule accordingly.