## CROGHAN *vs.* LIVINGSTON and others.

The court may order the bond of a guardian *ad litem*, in a partition suit, to be filed *nunc pro tunc*, even after there has been a judgment, and a sale of the premises, if it is first satisfied that the amendment will be in furtherance of justice, and that it is made on such terms as are just. CLERKE, J., dissented.

APPEAL from an order made at a special term, allowing the bond of a guardian *ad litem*, in a partition suit, to be filed *nunc pro tunc*, as of the 2d of October, 1856, the time when it should have been filed.

MITCHELL, J. The act of 1852, chap. 277, authorizes the court, in any action, suit · or proceeding for the partition of lands, to direct the filing of the bond of the guardian *ad litem* of any infant defendant as of the date of the order appointing the guardian, " at any time before judgment or decree, in all cases, or after judgment or decree in cases of actual partition." This is an enabling and remedial statute, and not a restrictive one. It does not, therefore, interfere with any power of the court to act in such cases which it acquired before or after that statute. The code, § 448, applies the provisions of the revised statutes to *actions* for the partition of lands, brought under the code, so far as the same can be so applied. The chapter in which this section is contained is entitled " *actions* for the partition of real property." Section 308 of the code also regulates the costs in an action for the partition of real property. These all recognize that there may be such an action under the code, and that it is to be regulated by the code, when other provision is not made. The definition of an action, in section 2, also shows the same thing. The act of 1857, applying § 173 of the code to *proceedings* in partition, intimates nothing contrary to this opinion. That refers, not to the *action* for partition, but to *proceedings* in partition which were by petition and under the revised statutes. If it did refer to the action also, it would only show that it was a piece of unnecessary legislation. The code (§ 173) declares that " the court may, before or after judgment, in furtherance of justice, and on such terms as may be

Croghan *v.* Livingston.

proper, amend any pleading or proceeding, by correcting a mistake in the name of a party, or *a mistake in any other respect;* and may also, in its discretion, and upon such terms as may be just, supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of the code, the court may in like manner, and upon like terms, permit an amendment of such proceeding, so as to make it conformable thereto. (§ 174.) By making the provisions of the revised statutes applicable to the action for partition, to be brought under the code, the code makes those provisions substantially a part of the code. Then § 174 applies, and the court may supply "an omission in this proceeding." That would be by authorizing a bond to be filed *nunc pro tunc* when it might be proper. The term "proceeding," here, includes actions as well as special proceedings. There could be no reason for applying it to the last, and not to an action, and the term is broad enough to include both. The court, then, under this last section, and under the power to correct "a mistake in any other respect," may authorize the filing of a bond *nunc pro tunc,* even where there has been a judgment and sale in partition, if it is first satisfied that the amendment will be *in furtherance of justice,* and that it is made "on such terms as are just." This would require that the court first inquire whether the interests of the infant have been properly protected in the action; what his rights are; and if they are correctly stated in the judgment; and that by the judgment proper means are taken to secure to him his share of the proceeds; and that the sale is advantageous to him. If any of these things are omitted, it would be unjust to the infant to make the amendment. If they are properly attended to, the infant can sustain no injury. It would be most expedient that the judge granting the order should require proof of these matters to be brought before him personally, and not before a referee, and examine the witnesses, and file their evidence and his finding thereon, that there might be the greatest care of the infant's interests.

The bond is required, by the revised statutes, to be given

*before* any rule to plead be entered against the infant. The intention was not merely that the infant might have indemnity from the bond, but that the guardian who with his friends had thus given security for the faithful discharge of his duty, should have an extra motive for attention and fidelity to his trust. This makes it the more incumbent on the court, before allowing the correction of the mistake, to see, with its own eyes, that no injustice has been done to the infant. Such a proceeding should first be had in this case, and the bond then be filed; and on this being done, the purchaser should complete his purchase. Neither party to have costs against the other.

The decree appealed from to be modified accordingly.

DAVIES, J., concurred.

CLERKE, J. The question on this appeal is, whether the court had the power to order a bond of a guardian *ad litem*, in a partition suit, to be filed *nunc pro tunc*.

An order was made at special term, on the 2d October, 1856, declaring Mr. Schuyler Livingston the guardian *ad litem*, in this action, of Matilda C. Livingston, an infant defendant. A judgment having been obtained, directing a sale, the premises were sold at public auction. At the time appointed for the delivery of the deed, and the payment of the purchase money, (24th July, 1857,) the purchaser refused to complete the purchase, on the ground that the guardian *ad litem* neglected to execute a bond pursuant to the requirement of the revised statutes. On the 25th of July last, however, an order was granted and entered, allowing a bond to be filed *nunc pro tunc*, as of the 2d of October, 1856, the date at which it should have been filed. A bond was accordingly filed.

The power of the court to allow amendments is very extensive, and indeed almost unlimited; and I have little doubt that sections 173 and 174 are as effectually applicable to an order of partition as to other actions. The law of 1852 (*Laws of* 1852, *p.* 411) does not curtail this power; because it contains no express words of repeal; nor do I agree with the counsel of the

purchasers, that § 173 of the code does not apply, on the ground that it is a mere general provision, and cannot affect the provisions of a specific statute; for this depends on the nature of the defect sought to be amended; which, in my opinion, is the precise question under consideration.

The power of amendment given to courts of justice, whether by the code or by any previous or other provision, applies to what is *capable* of amendment. For instance, no court has power to render civil process served on a Sunday valid, by ordering that the *word* "Monday" should be substituted in its place; although, if the process was actually issued and served on Monday, it would have the power to alter the word in conformity with the fact. In the one case, the thing sought to be amended is a *nullity;* in the other an *irregularity.* The one is an essential defect, and renders the proceeding altogether *void;* the other is a *nonessential* defect, which may be either waived by not making the objection to it within a reasonable time, or which the court may, in its discretion, rectify. In short, in the one case the court has not jurisdiction over the subject matter; in the other, it has, and consequently can control it.

It may not be very easy, at all times, to distinguish between a nullity and an irregularity. Certainly the judgment would have been a nullity, as far as this infant was concerned, if no proceedings of any kind had been taken for the appointment of a guardian *ad litem;* every step in the action would be void as to her; and the court could not have made the judgment perfect by allowing the appointment of a guardian *ad litem, nunc pro tunc.* The error would have been fatal; it would have been incurable. The court would have had no jurisdiction over the infant, and consequently no control over the proceedings, to enable it to take any action affecting the infant in relation to them. So a mere order declaring Mr. Livingston the guardian *ad litem,* entered at the mere instance of the plaintiff's attorney, without any of the preparatory steps which the code expressly prescribes, would be a nullity. The appointment in this case would be as absolute a nullity as if no appointment had been made; for, it would want all the essen-

tial requisites, which the code specifically enumerates. It is evident, for instance, that when the application to appoint a guardian *ad litem* for an infant defendant is made on behalf of the plaintiff in the action, notice must be *first* served on " the general guardian," &c. ; and this is not merely *directory*, the non-observance of which may be excused or dispensed with; but it is clearly an essential pre-requisite, on which the validity of the proceeding depends.

In ordinary actions, no bond is required from a guardian *ad litem ;* but that portion of the revised statutes, relating to the partition of lands, provides " *that the guardian shall execute a bond.*" Is it made, by the language and import of the section upon this subject, essential to the validity of the appointment ? The language of the statute is imperative. It says, " The guardians so appointed, and *who shall give bonds as hereinafter directed,* shall represent their respective minors in the proceedings, &c." This is surely not directory, but plainly imports, if the guardians do not give bonds, they shall not represent the minors ; and the minors not being represented are not before the court, and all the proceedings in the action are void as to them. Again, the 4th section (2 *R. S.* 317) says, " Every guardian so appointed shall, *before entering upon the execution of his duties,* execute a bond &c., and before any rule to plead, or subsequent rule or order, shall be made, *the court shall be satisfied* that such bond has been executed and filed in the office of its clerk." This is peremptory, not directory ; the execution and filing of the bond are made *essential constituents* of the appointment ; without which it is no more valid than if there was no order or notice. The appointment, therefore, in this case, never brought the infant before the court ; she was never represented there ; the proceedings and judgment, as far as she is concerned, are inoperative ; and the court has no more power to order the filing of a bond after judgment, *nunc pro tunc,* than to make the order itself for the first time after judgment, appointing the guardian *nunc pro tunc.* They are both, like many other proceedings in the action, essential *pre*-requisites, and cannot be supplied by any subsequent action

of the court. The defect is a nullity, and irreparable. The plaintiff must retrace his proceedings in order to bind the infant. True, in this particular case it may, practically, be as conducive to the interests of the infant to order the bond to be filed *nunc pro tunc*, when the court after due inquiry is convinced of the fact; but this is not left to its discretion. It is not, as I have shown, a question of expediency, left to the volition of the court, but a question of power; being a case, to which the right of amendment does not extend. The order of the special term should be reversed.

Order modified and affirmed.

[NEW YORK GENERAL TERM, September 14, 1857. *Mitchell, Clerke* and *Davies*, Justices.]