## ALVORD *a.* BEACH.

*Supreme Court, First District ; Special Term, October,* 1857.

### JUDGMENT OF SALE.—IRREGULARITIES.—TITLE.

Irregularities in a judgment of sale, or in the proceedings on which it is founded, which do not affect the jurisdiction of the court over the parties or the subject-matter, do not affect the title taken under the sale.

If any necessary parties were not brought before the court in proceedings instituted to procure a judgment of sale, any judgment rendered is void as to such parties ; and a purchaser under the judgment will be justified in refusing to take title.

But where all necessary parties were in fact joined, the fact that some of the papers in the suit, by which some of the parties were brought in, have been lost, will not affect the title, if the facts appear by affidavit or by recitals in other papers on file in the cause.

Where in a judgment of sale the sale was directed to be advertised *three* weeks instead of *six*, as required by law, but in fact the advertisement was published six weeks,—*Held*, on a motion to compel a purchaser to take title, that the error might be then corrected.

Motion to compel a purchaser to complete his purchase; and cross-motion on behalf of the purchaser to be discharged.

The facts on which these motions are made appear in the opinion.

CLERKE, J.—A purchaser under a decree or judgment is not affected by a mere error in the decree or judgment or proceedings, provided the court has jurisdiction of the subject and of the parties (Bennett *v.* Hamill, 2 *Sch. & L.*, 566). It is always presumed that the court has taken the steps necessary to investigate the rights of the parties, and that on that investigation it has properly decreed a sale. It is for the court to see that the proceedings have been regular, before it pronounces its final decision; and if a mere irregularity, as contradistinguished from a nullity has occurred, by reason of the neglect or carelessness of its officers, the parties to the action whose rights have been adjudicated will not be permitted to suffer, by setting aside the judgment.

But, if the proper parties are not before the court, of course they cannot be bound by the judgment; and as it is absolutely void as to them, the purchaser under it will be justified in refusing to complete his purchase. If the steps prescribed, and peremptorily required by the statute, are not taken to bring infant defendants before the court, it has no jurisdiction over them; and the judgment is as much a nullity with regard to them as if they were never mentioned at all in the proceedings. In this case, however, it appears that all the necessary steps for that purpose have been taken; but some of the orders and other papers have been mislaid by the clerk. That all the necessary steps to bring the infants before the court were taken, is proved by the affidavit of the plaintiff's attorney, and by the recitals in the certified orders annexed to the roll, appointing the guardian. This is sufficient. Even where an original decree could not be found, but having been acted upon by the reports, and recited in an order for further directions, it was allowed to be drawn up from an office copy, and entered *nunc pro tunc* (Denne *v.* Lewis, 11 *Ves.*, 601). But in this case, as the orders themselves are not lost, but only the petition and other papers upon which they are founded, it is not even necessary

to do this. The same remarks apply to the absence of other papers.

It is not necessary in this action to advertise for persons having general liens. If there are none, it would be a very useless expense to advertise for them. Advertising is only a method of cutting off certain general liens that may be in existence.

The other objections presented in behalf of the purchaser are equally untenable, except, perhaps, the mistake of writing three instead of six weeks in the judgment, as the time for advertising and noticing the sale. This is a mere numerical error in the decree, which could always be rectified without a rehearing (Brookfield *v.* Bradley, 2 *Sim. & S.*, 64), and as the sale was actually advertised, in the usual manner, for six weeks, the error can be now corrected.

The completion of the sale, then, has not been delayed in consequence of any substantial defects in the proceedings, but in consequence of objections on the part of the purchaser, either altogether unfounded or easily obviated.

The motion to compel the purchaser to complete granted; and the motion on his behalf to be discharged denied, with five dollars costs of each motion.