# KISSAM a. MARSHALL.

*Supreme Court, First District; Special Term, May,* 1860.

### UNDERTAKING ON ATTACHMENT.—WARRANT.—AMENDMENT.

The warrant of attachment issued under the Code as a provisional remedy, may be allowed to be amended by supplying the omission of the signature of the attorney.

An undertaking given on the issuing of such a warrant, which is insufficient in amount, may be allowed to be amended by filing a new undertaking.

Such amendments may be allowed on the hearing of a motion to vacate the attachment, on the ground of these defects.

Motion to vacate attachment.

LEONARD, J.—The defendant moves to vacate an attachment granted against him as a non-resident debtor, for irregularity.

Several objections are alleged, but only two are entitled to any consideration :

1. The warrant has not been signed by the attorney.

2. The undertaking therefor is in the sum of $200 when section 230 of the Code requires an undertaking in at least $250, before the warrant shall issue.

The first defect is clearly amendable.[*]   The second one is of a more serious character.

On first impression, it seemed a fatal failure to give jurisdiction to the court.

There are, however, several adjudged cases where amendments have been allowed, under circumstances equally affecting the jurisdiction.

Section 182 provides that an undertaking in a sum not less than $100, shall be given before an order shall be granted.   In Bellinger a. Gardner (12 *How. Pr. R.*, 381), the court permitted such an undertaking to be amended.

An appeal under section 334, is not effectual for any purpose, unless an undertaking in at least $250 shall be filed.

---

[*] Compare Rule 10 ; and Yorks a. Peck (17 *How. Pr. R.*, 192).

There are several cases where such undertakings have been amended by the permission of the court. (Wilson *a.* Allen, 3 *How. Pr. R.*, 369 ; Schermerhorn *a.* Anderson, 1 *Comst.*, 430 ; Beach *a.* Southworth, 6 *Barb.*, *S. C. R.*, 173.) These cases are entirely analogous in principle.*

The terms of section 173, permitting amendments in further- ance of justice, are very broad, extending to the correction of a mistake, in any respect, in the pleadings, process, or proceed- ings of an action.

---

\* The following cases further illustrate this subject :

On an appeal from a judgment, the appellant omitted to file and serve affida- vits of the sureties, as required by section 341 of the Code, and the court, on mo- tion, under section 327, permitted the affidavits to be filed and served *nunc pro tunc.* (Rich *a.* Beekman, 2 *Code R.*, 63.)

Section 149 of the Code (1848), allowing amendments of pleadings and pro- ceedings, does not authorize the court to amend an undertaking, on an appeal, by inserting an agreement to pay costs, without the consent of the sureties. (Lang- ley *a.* Warner, 1 *N. Y.* (1 *Comst.*), 606.)

Where timely notice of appeal is given in good faith, but the undertaking filed is irregular, the court may permit an undertaking to be filed *nunc pro tunc.* The application to permit it to be so filed, is addressed to the discretion of the court. *So held,* where the undertaking was regular in form, and the imperfection was in the form of the justification alone. (*Supreme Ct., Sp. T.*, 1854, Mills *a.* Thursby, No. 8, 11 *How. Pr. R.*, 129.)

Where the condition of an order granting an appeal, was that the undertaking should be to pay costs of appeal, not exceeding $250, and all damages which shall be awarded against the appellant upon the appeal, not exceeding $175,—the sureties in the undertaking justified in double the sum of $250, and in more than double the actual costs, but not double the $175.

*Held,* that though the affidavit was technically insufficient, leave should be given to amend. (People *on rel.* Boylston *a.* Tarbell, 17 *How. Pr. R.*, 120.)

See also Spalding *a.* Spalding (3 *How. Pr. R.*, 297) ; and Furman *a.* Walter (13 *Ib.*, 348), which were cases of amendment of *affidavits* on which provisional reme- dies had been granted.

The Revised Statutes contain a special provision for permitting amendments of bonds required by law. (2 *Rev. Stat.*, 556, § 34.) The cases which have arisen under that statute are as follows :—Potter *a.* Baker (4 *Paige*, 290) ; Van Slyke *a.* Schmeck (10 *Ib.*, 301) ; Whaling *a.* Shales (20 *Wend.*, 673) ; Cutler *a.* Rathbone (1 *Hill*, 204) ; Hawley *a.* Bates (19 *Wend.*, 632) ; Newland *a.* Willetts (1 *Barb.*, 20) ; Crogan *a.* Livingston (6 *Ante,* 350 ; affirming S. C., 25 *Barb.*, 336) ; Warring *a.* Warring (7 *Ante,* 472) ; see also *Ex-parte* Chryslin (4 *Cow.*, 80) ; Eldridge *a.* Howell (4 *Paige*, 457).

As to whether an undertaking, under the Code, is to be deemed a bond, within the meaning of the Revised Statutes, compare Langley *a.* Warner (1 *N. Y.* (1 *Comst.*), 606) ; Wilson *a.* Allen (3 *How. Pr. R.*, 369) ; Beach *a.* Southworth (6 *Barb.*, 173).

No wrong is done by putting a party in a condition to enforce or defend his rights in relation to matters of form merely, if the amendment be applied for in due season.

The plaintiff must be permitted to amend the attachment by affixing thereto the name of his attorney, and also to file a new undertaking in $1000, in due form, to be approved by a justice of this court, and pay $10 costs of this motion to the defendant's attorney in three days; and on compliance with these terms, the motion is denied.