Rogers agt. McLean.

———•♦•———

## COURT OF APPEALS.

WILLIAM S. ROGERS, and wife, respondents, agt. JOHN W. McLEAN, and others, *in the matter of the petition of* JOSEPH RICHARDSON, appellants.

The *general term* of the supreme court, have the power, *on appeal*, in an action for *petition*, to order the *amendment of the partition* of a committee or guardian of a non-resident infant lunatic defendant, sworn to in another state, and presented here for the purpose of the appointment of a *guardian ad litem* in the action, to the effect that such infant lunatic ward, was at the time of verifying his original petition, residing with the committee, the petitioner, or under his charge or custody.

Also, ordering the amendment of the jurat or certificate of the judge attached thereto, stating the place where such petition was verified, and the affidavit taken; and, also, an amendment of the certificate of the clerk, so that it shall, in addition to its present contents, certify to the existence of the court, and the genuineness of the signature of the judge, which amendments when made, shall be deemed to be made and filed *nunc pro tunc.*

The committtte or guardian, residing out of the jurisdiction of the court, properly applied by petition for the appointment of a *guardian ad litem*, residing within its jurisdiction.

*June Term,* 1866.

THIS action was commenced for the purpose of effecting a partition and sale of a certain house and lot, whereof Samuel S. Engle died seized, situated in the city of New York. At the sale of said premises, pursuant to the judgment of the supreme court, they were struck off to the petitioner, Joseph Richardson, for the sum of eighty thousand two hundred and fifty dollars ($80,250), he being the highest bidder therefor. The said purchaser objected to the completion of his purchase on various grounds, and declined to complete the same.

Subsequently, he presented his petition to the supreme

court, praying that he might be discharged from such pur-
chase money, and that the ten per cent paid at the time of
the sale by him, might be returned to him with interest, and
that the costs and expenses to which he had been subjected
by reason of said purchase, might be refunded to him. Said
application coming on to be heard at a special term of the
supreme court, held in the city of New York on the 12th day
of March, 1860, the prayer of the petitioner was granted, and
the petitioner was discharged from his purchase.

On appeal to the general term the order was reversed,
and it was ordered that the petitioner be required to com-
plete his purchase, provided that the plaintiff, within forty
days after the entry and notice of that order, should pro-
cure and file with the clerk of the court an amendment to
the petition of William J. Mount to the effect that Samuel
Mitchell, his infant or lunatic ward, was at the time of veri-
fying his original petition, residing with him or under his
charge or custody, and an amendment of the jurat or certif-
icate of the judge attached thereto, stating the place where
said petition was verified, and the affidavit taken, and an
amendment of the certificate of the clerk, so that it shall, in
addition to its present contents, certify to the existence of
the court and the genuineness of the signature of the judge,
which amendments, when made, shall be deemed to be made
and filed *nunc pro tunc.* If not so made and filed, as afore-
said, then the order of the special term was to be affirmed,
except in some unimportant particulars as to costs. The
petitioner has appealed from this order.

GEO. T. STRONG, *for appellants.*
BENJ. L. BILLINGS, *for respondent.*

DAVIES, Ch. J. In consideration of this appeal, we are to
assume that these amendments have been made, as directed
by the order of the general term, and to regard the proceed-
ings in determining their legal effect as amended accord-
ingly.

The main objection to the title, as urged in the supreme

Rogers agt. McLean.

court and insisted on here, is that Samuel Mitchell, who was seized of one undivided twentieth part of said premises, had not been made a party properly to said partition suit; and that, therefore, the purchaser at said sale, had not acquired his interest therein. The notice of the pendency of the action was filed on the 11th day of November, 1854. It appeared from the proceedings in the action, that on the 4th day of January, 1855, there was presented to the supreme court, at a special term thereof, a petition of William J. Mount, entitled in said suit, setting forth that the petitioner was guardian of Samuel Mitchell, an infant idiot, about twenty years of age. That an action had been commenced in the supreme court of this state for a partition of the premises in question. But that as the petitioner's said ward was an infant lunatic, as above set forth, the petitioner prayed that S. B. H. Judah, of the city of New York, counsellor at law, might be the guardian of the petitioner's ward in the defense of said suit, according to the statute in such case made and provided.

This petition was dated December 1, 1854, and sworn to in Ohio, before the judge of the probate court of Warren county, in said state, on the 19th day of December, 1854, by the said Mount, and to which was annexed a consent signed by said Judah, consenting to become the guardian *ad litem* of the said Mitchell in that suit. At a special term of the supreme court, held on the 4th day of January, 1855, an order was made and duly entered, reciting that on reading and filing the petition of Samuel Mitchell, idiot, showing that said defendant was an infant, and thereby appointing said Judah guardian *ad litem* of said infant defendant on giving the security as therein provided.

Mr. Judah put in an answer for Samuel Mitchell, an infant idiot, submitting his rights and interests to the protection of the court, which was duly verified on the 6th day of January, 1855, and was filed March 12, 1860, as of the 7th of April, 1859. The cause was brought to a hearing on the 7th of October, 1859, and the usual judgment of partition and sale entered.

And in said judgment it was ordered that the referee charged with the sale of said premises should pay unto the chamberlain of the city of New York, the part or share which of right belongs to the said Samuel Mitchell, who it was therein declared is an idiot, being the one-twentieth part of the net proceeds of said house and lot, there to abide the further order of said court.

The court have, undoubtedly, the power to make the amendments ordered at the general term, and as already observed in the discussion upon this appeal, the proceedings are to be deemed amended in accordance with the order.

The power of the court in a partition suit, to order the proceedings to be amended, was fully considered by this court, in *Groghan* agt. *Livingston* (17 *N. Y.* 218). That was an appeal from an order made in the supreme court, in an action for partition, compelling the appellants, who had jointly purchased a part of the property at the sale, to complete their purchase. One of the defendants in the action being an infant more than fourteen years of age, Schuyler Livingston, her father, was upon her petition appointed her guardian *ad litem*, by an order entered October 2, 1856. He appeared and put in the usual general answer of an infant. A judgment was entered directing the sale of the real estate described in the complaint. The appellants became the purchasers, and refused to complete their purchase. Their objection to the title was, that Schuyler Livingston had never filed any bond as guardian.

After the appellants refused to complete their purchase, Mr. Livingston executed a bond, which was duly approved as to its form and sufficiency of sureties. Upon filing an affidavit, proving that the omission to execute the bond in due season, was unintentional, and resulted from the neglect of the clerk of the attorney, an order was made by the court at special term, directing the bond to be filed *nunc pro tunc*, as of the 2d of October, 1856, the date of the order appointing the guardian, and to have the same effect as if it had been filed on that day. The plaintiff, upon these facts, applied for an order requiring the purchasers to complete

their purchase, and such an order was made at special term.

On appeal to the general term the order was affirmed, with some modifications not needful to mention (25 *Barb.* 336).

On appeal to this court the order of the general term was affirmed. As the principal points relied upon by the counsel for the appellant, in this appeal, for his discharge from his purchase, were considered and disposed of at that time, it can hardly be necessary to rediscuss or reconsider them.

It was held and decided that the court of chancery had original jurisdiction of an action for partition, without the aid of the statute. That the plaintiff was not bound in his bill to notice the fact that the defendants, some or all of them, were infants, but he might frame his bill and issue his subpœna as if they were all adults.

After they were brought in upon process, it was necessary, both at law and in equity, that guardians should be appointed for infant defendants, but that no case could be found holding that a judgment or decree, when they appeared by attorney, would be void.

It is to be recollected that in this case the infant defendant Mitchell, appeared by his attorney, who was also duly appointed his guardian *ad litem*, and regarding him only as an infant, it is difficult to see what irregularity there was in such appearance, even if no guardian had been appointed, the want of such appointment did not deprive the court of jurisdiction even at common law.

That in equity the infant became the ward of the court upon the service of the process upon him, and the guardian *ad litem*, was but the agent of the court to attend to its interests during the litigation; and it was said, "if the failure to appoint a guardian at all did not render the proceedings void, for a much stronger reason the failure of the guardian when appointed, to comply with all the requirements of the statute, would not deprive the court of jurisdiction, and render the proceedings void."

*Secondly.* It was held that the statute did not change this rule in regard to actions for partition, and that the utmost

that could be claimed on the assumption that no guardian *ad litem* had been appointed, was that the proceedings were irregular merely, and not void.

*Thirdly.* It was assumed there that the proceedings were not void, and that no good reason existed why the court had not the power to order them amended.

Aside from the Code, the power of the court of chancery was adequate to order such an amendment. It was said that even if the infant had not been made a party at all, and the defect had been discovered immediately after the sale, there was no reason why the court might not have directed her to be brought in by supplemental complaint, and after the appointment of a guardian; if it appeared best for the infant, the court, by the consent of the guardian, might have made an order directing the judgment to stand good as against her, and allowing her to receive the benefits of the sale.

This in substance has been done in the present action, and the proceeds of the share of the infant's interest in the premises sold, have been brought into court, and now remain there subject to its order for the benefit of the infant.

The circumstance that one of the parties interested in this estate was an infant, lunatic or idiot, could not deprive the other parties interested therein of their rights to a partition and sale of the real estate so held in common by them, nor the court of its jurisdiction.

Before the share or interest of the infant lunatic or idiot, could be disposed of, and his title there vested in a purchaser, he must in some proper form have been brought before the court, and his rights passed upon and protected. It is seen that this has been done, and if there was any irregularity in the manner of doing it originally, that irregularity has been cured by the subsequent amendment which the court have clearly the power to make, under the authority of *Groghan* agt. *Livingston* (*supra*).

If Mitchell had been therefore solely an infant, it cannot be insisted, in the face of this decision, that the proceedings as to him, have not been regular, and that the purchaser by

this sale has not acquired all his right, title, and interest of, in, and to the property in question.

But if he was an idiot, or lunatic then, he was a non-resident idiot or lunatic, and the proper course was pursued in appointing a guardian *ad litem*, to appear for him upon the petition of his guardian or committee residing in the state of Ohio.

By his petition amended it appears, that at the time of the commencement of this action, Mitchell was an infant of about twenty years of age. Properly, therefore, the guardian *ad litem*, should have been appointed upon his petition : but the additional fact appears that he was an idiot or lunatic. He could perform no act, therefore, in reference to his appearance in the action. It would have been absurd for him to have presented his own petition to the court for the appointment of a guardian *ad litem*.

It further appears from the petition that William J. Mount, residing in the state of Ohio, was the guardian of said Mitchell, and at the commencement of this action said Mitchell was in the care, charge, custody and control of said Mount, and said Mount, therefore, prayed that Mr. Judah might be appointed guardian *ad litem*, to protect the rights and interests of said infant idiot or lunatic in this action.

He was accordingly appointed, and if the court had the power, on the application of Mount, to appoint such guardian, there is an end to any further doubts as to the right of Mitchell, in the property in question, having passed to the appellant by the proceedings in partition and sale in this action.

1. A voluntary appearance of a defendant is equivalent to personal service of the summons upon him (§ 39 *of the Code*). It was not essential, therefore, that a summons should have been personally, or by publication, served upon either the idotic or lunatic, or upon his guardian or committee, or persons having him in charge. If an idiot or lunatic is made a party defendant to an action, he must appear and defend by the committee of his estate, if one has been appointed (1 *Barb. Ch. P. p.* 86), and in cases where there is a committee, he

generally applied by motion or petition, to be appointed guardian to answer and defend the suit, which is ordered of course (*Id*).

The committee or guardian in this instance, residing out of the jurisdiction of the court, properly applied by petition for the appointment of a guardian *ad litem,* residing within its jurisdiction, and an officer of the court.

The accustomed and well settled practice was pursued in the appointment of the guardian *ad litem* in the present case, and the proceedings in the partition suit have, in my judgment, been entirely regular, and there is no allegation or ground to infer that the interests of the defendant, Mitchell, whether we regard him as an infant or idiot, or all combined, have not been fully protected and carefully guarded. I am for affirming the order appealed from, with costs, to be paid by appellant.