## GASKIN vs. ANDERSON.

The act of the legislature, of May 4, 1869, " in relation to the fees of the sheriff of the city and county of New York, and to the fees of referees in sales in partition cases," which provides that all judicial sales in that city, except sales in cases of partition or where the sheriff is a party, shall be made by the sheriff, is plainly a local bill, and therefore, according to section 16, article 3 of the constitution, it can embrace but one subject, and that must be expressed in its title. And as that act does refer to more than one subject, the first section is unconstitutional.

The first section relates to a subject in nowise expressed in the title of the act. It relates, not to fees, but to the manner in which judgments shall be executed. It attempts to regulate and change the practice of the court, and to take away the right to execute its decrees according to its own judgment, which has prevailed ever since the Court of Chancery had an existence.

Such a radical change of the practice cannot be made under pretense of regulating the fees of the sheriff, and under a bill, the title of which affords no notice of any such purpose, but which simply relates to the "fees of the sheriff."

If the court making a judgment of foreclosure and sale had jurisdiction to make it, the question whether any of its provisions are right—including the one directing the premises to be sold by a referee—cannot be raised by a purchaser.

If the parties do not complain, but acquiesce in the provisions of the decree, the purchaser will get a good title, and he cannot be heard to raise any objection, except that which goes to the jurisdiction of the court.

MOTION to compel a purchaser of mortgaged premises on a foreclosure sale to complete his purchase.

The action was brought to foreclose a mortgage on real estate situated in the city of New York. A judgment for the foreclosure of the mortgage, and a sale of the premises, was recovered after the passage of the act of May 4, 1869, "in relation to the fees of the sheriff of the city and county of New York, and to the fees of referees in sales in partition cases," (*Laws of* 1869, *ch.* 569,) which provides that " All sales of real estate hereafter made in the city and county of New York, under the decree or judgment of any court of record, (except sales in cases of partition, and where the sheriff of said city and county is a party,) shall be made by the sheriff of said city and county. By

the said judgment, J. W. Coleman, Esq., was appointed a referee for the purpose of making the sale, instead of directing a sale by the sheriff.

A sale having been made by the referee, the purchaser subsequently refused to take the title, on the ground that the sale was not made by the sheriff, as required by the above mentioned act.

*John Henry Hall,* for the motion.

*Wm. Henry Arnoux* and *Geo. F. Demarest,* for the purchaser.

*Brown, Hall & Vanderpoel,* for the sheriff.

CARDOZO, J. This is a motion to compel the purchaser to take the title to premises bought by him on sale under a judgment of foreclosure. By the judgment entered on the direction of Justice BARNARD, James W. Coleman, Esq., was appointed referee to sell, and the purchaser objects to the title, upon the ground that under the act of May 4, 1869, (*Laws of* 1869, *vol.* 2, *p.* 1377, *ch.* 569,) such sale could only be made by the sheriff of the city and county of New York.

The plaintiff's counsel replies that the statute relied upon is in that respect unconstitutional. As the sheriff might be interested in the question, his counsel was permitted to appear upon this motion and represent him; but he failed to assign any reason in support of the constitutionality of this provision of the statute. Indeed, after very careful consideration, I think it will be hard to defend the constitutionality of that act, in many particulars, and among others, on the point in question. The statute is plainly a local bill, and therefore, according to section 16 of article 3 of the constitution, it can embrace but one subject, and that must be expressed in its title. That this

Gaskin *v.* Anderson.

act does refer to more than one subject, and is within the provision of the constitution, is clear. (*See Pullman* v. *The Mayor &c.*, 54 *Barb.* 169, *and cases there cited.*)

In the first place, the title of that act embraces two subjects entirely independent of, and distinct from, each other, viz: "Fees of the sheriff of the city and county of New York," and "fees of referees in partition cases." In the next place, the act itself legislates upon these two different and distinct subjects, by sections two and four.

But it is only necessary to consider, at present, the first section of the act, because it is only under that section that there can be any pretense that the title is objectionable. That section relates to a subject in nowise expressed in the title of the act. It relates, not to fees, but to the manner in which judgments shall be executed. In other words, it attempts to regulate and change the practice of the court, and to take away the right to execute its decrees according to its own judgment, which has prevailed ever since the Court of Chancery had its existence. Such a radical change of the practice of the court cannot be made under pretense of regulating the fees of the sheriff, and under a bill the title of which affords no notice that any such purpose was designed, but which simply relates to the "fees of the sheriff." Under such a title, the fees of the sheriff might be increased or diminished, but that is all that its title would suggest. These are some of the reasons which make it perfectly plain that section one of the act in question is unconstitutional.

It is not necessary to say whether section two, which may well apply to such sales as the court may see fit to send to the sheriff, may not stand; nor indeed to express any opinion as to the rest of the act, so far as the sheriff is concerned.

But apart from all this, and without further pursuing the question of the constitutionality of the act, in respect to the point before me, there are other reasons which

make it clear that the motion should be granted. No consequence is declared by the statute to result from a sale being made by a person other than the sheriff.

It is not to be denied that the court making the judgment which was entered in this action, had jurisdiction to make it. That being so, the question whether any of its provisions were right, which of course includes the one directing the premises to be sold by a referee, cannot be raised by a purchaser. The parties might appeal, or might move the court to correct or vary the judgment; but if they do not complain, but acquiesce in the provisions of the decree, the purchaser will get a good title, and he cannot be heard to raise any objection, except that which goes to the jurisdiction of the court. (*Alvord* v. *Beach*, 5 *Abb.* 451. *Holden* v. *Sackett*, 12 *id.* 473.)

In any aspect in which the matter can be viewed, the objection to the title, raised by the purchaser, is unfounded, and the motion should therefore be granted. But as this is the first time that the statute has been judicially construed, I think there should be no costs of the motion.

Motion granted.(*a*)

[New York Special Term, October 4, 1869. *Cardozo*, Justice.]

(*a*) Affirmed by the court at general term, in November, 1869.