VERGES *v.* ROUSH.

### Verges v. Roush.

1. *Power of court to enlarge the time within which an appeal shall be perfected.* Courts do not possess any power to enlarge the time within which the transcript of the record of the District Court shall be filed in the Supreme Court, in order to perfect an appeal from the decree of the former court, when the legislature has limited the time within which it shall be filed, and provided as a consequence of failure to do so, that the decree shall stand and be proceeded on, as if no appeal had been taken.

This was a suit in chancery for the foreclosure of a mortgage. A decree of foreclosure was entered on the 1st day of November, 1866. Notice of appeal was filed the next day. The transcript of the record in the District Court was filed in the Supreme Court, on the 7th. day of September, 1867.

A motion was made to dismiss the appeal, because the transcript was not filed in this court, within six months from the filing of the notice of appeal in the District Court.

Section 774 of the Revised Statutes requires the appealing party to file a written notice of appeal with the clerk of the District Court, within thirty days from the rendition of the decree of that court.

Section 777 requires the appellant to file in the Supreme Court a certified transcript of the proceedings in the District Court, within six months from the filing of his notice of appeal ; and provides that on failure to do so, the decree of the District Court shall stand and be proceeded in as if no appeal had been taken.

*Redick* and *Briggs*, for the motion.

*C. H. Brown*, contra.

MASON, Ch. J.

The statute required this transcript to be filed within six months from November 2d, 1866, and provides as a

[S. C. N.] 8

. VERGES *v.* ROUSH.

consequence of default in this particular, that the appeal should be entirely disregarded. The rule in respect to matters of practice is, that the court possesses no dispensing power, when the legislature has spoken. Thus where a statute declares that a judge at chambers may direct a new trial, if application is made within ten days after judgment, it has been held, that he could no more enlarge the time, than he can legislate on any other matter.—*Seymour* v. *Judd,* 2 *Comst.* 464 ; *Eldridge* v. *Howell,* 4 *Paige,* 457.

In this case, the legislature not only limited the time within which the appeal should be perfected, by the filing of the transcript, but also fixed the consequences of the neglect to do so, within the time limited. We cannot enlarge the time, nor prevent the consequences.

The motion is sustained and the appeal dismissed.

Appeal dismissed.