EDGAR SMART AND DANIEL R. McCHESNEY, RESPOND-
ENTS, v. ANNA M. HARING, IMPLEADED, ETC., APPELLANT.

*Infant plaintiff, coming of age before trial—failure of, to appoint a guardian — waived by defendant pleading to the merits — Wife's inchoate right of dower — release thereof — validity of consideration given her by her husband therefor.*

Where the plaintiff at the time of commencing an action is an infant but arrives at full age before the trial thereof, the omission to procure the appointment of a guardian *ad litem* for him is a mere irregularity, which the defendant waives by pleading to the merits.

A release by a wife of her inchoate right of dower in the lands of her husband is a good consideration for his paying or promising to pay her therefor, and a conveyance of property to her in pursuance of such agreement is valid, except as against creditors existing at the time thereof, and is valid as to them to the extent of the value of such inchoate right, computed according to the rule laid down in *Jackson* v. *Edwards* (7 Paige, 408

*Doty* v. *Baker* (11 Hun., 222) followed.

APPEAL from a judgment in favor of the plaintiff entered upon the trial of this action by the court, certain issues having been previously tried by a jury.

The action was brought to have certain conveyances executed by the defendant, State S. Haring, to George S. Dexter, and by the latter to Anna M., wife of said State S. Haring, set aside as fraudulent and void as against the plaintiffs who were creditors of the husband.

On the 2d day of January, 1874, State S. Haring was the owner of the premises set forth in the complaint, subject to a mortgage, upon which was due the sum of $1,800. On said last named day the defendant, State S. Haring, being desirous of obtaining a loan on the property of $4,000, and the defendant

Anna M. Haring refusing to join in the mortgage, he agreed in case she would do so to convey the premises to her, subject to said $1,800 mortgage and the $4,000 mortgage, and in pursuance of such agreement the said defendant and appellant joined in the execution of a mortgage to Michael B. Brandon for said $4,000, both of which mortgages remain unpaid.

The deed to Dexter, and from Dexter to Anna M. Haring, July 31st, 1874, were recorded and executed in pursuance of this agreement. Both deeds were delivered to State S. Haring for the defendant Anna M. Haring.

It appears that the greater part of the work, of the plaintiffs was performed and the materials were furnished prior to July 31st, 1874. In payment of the amount so due, State S. Haring gave his note to the plaintiffs, upon which they subsequently recovered a judgment, upon which this action was brought.

It also appeared that one of the plaintiffs, Edgar R. McChesney, was an infant when the action was commenced, and no guardian was appointed for him, but that he became of full age before trial; the objection of infancy was raised by stipulation the same as if interposed by answer.

The court held that the joining by the defendant and appellant in the execution of the $4,000 mortgage was not a valuable consideration, and adjudged the several conveyances to her fraudulent and void, as against the plaintiffs, and directed the judgment of the plaintiffs to be satisfied out of the property, subject to the inchoate right of dower of the said Anna M. Haring, after the two mortgages for $1,800 and $4,000. That the infancy of the plaintiff McChesney was not a defense to the action, to which several findings of law the defendant Anna M. Haring duly excepted.

*Henry A. Merritt*, for the appellant.

*King & Rhodes*, for the respondents.

OSBORN, J.:

When this action was commenced the plaintiff McChesney was an infant under the age of twenty-one years. No guardian was appointed. Before the trial he had arrived at his majority. I

think that the omission to procure the appointment of a guardian for the infant plaintiff was an irregularity simply. It did not affect the jurisdiction of the court. (*Wolford* v. *Oakley*, 43 How., 119; *Croghan* v. *Livingston*, 17 N. Y., 221; *Rogers* v. *McLean*, 31 How. Pr., 283; *McMurrag* v. *McMurray*, 66 N. Y., 177.) By pleading to the merits, this irregularity I think was waived, and the plaintiff must be regarded as *rectus in curia*. (*Parks* v. *Parks*, 19 Abb., 161; *Graham* v. *Pinckney*, 7 Robt., 149.) But the precise question involved here was settled in *Rutter* v. *Puckhofer* (9 Bos., 638). Where the court held " that when the plaintiff attained his majority, the necessity for, as well as the office of, a guardian cease."

But I am inclined to think that the learned justice before whom this cause was tried at the Circuit erred in treating the conveyance to the wife as a voluntary conveyance, without consideration. The cases which he cites in his opinion are all cases of voluntary conveyance, which means a conveyance without any valuable consideration. (*Babcock* v. *Eckler*, 24 N. Y., 623.) It is clear in such cases that if the grantor's intention was fraudulent it makes no difference that the grantees knew nothing of such intent. But a different rule prevails where the conveyance is given for value. In the latter case the fraudulent intent must be brought home to the knowledge of the grantee. (*Newman* v. *Cordell*, 43 Barb., 448; *Jaeger* v. *Kelley*, 52 N. Y., 274; *Rull* v. *Philips*, 48 id., 125, 130; *Holmes* v. *Clark*, 48 Barb., 237.)

The inchoate right of dower of the defendant, Anna M. Haring, was a valuable and subsisting interest, and one which would give her a right of action if necessary to preserve and protect. (*Simar* v. *Canaday*, 53 N. Y., 298; *Mills* v. *Van Voorhies*, 20 id., 412; *Douglas* v. *Douglas*, 18 S. C. N. Y. [11 Hun], 406.)

In the case of *Doty* v. *Baker* (18 S. C. N. Y. [11 Hun], 222), it was held that a release by a wife of an inchoate right of dower in the lands of her husband, is a good consideration for his paying or promising to pay a part of the purchase money, except as to existing creditors, and as to them she is entitled to retain the actual value of such inchoate right as ascertained by the rule laid down in the old case of *Jackson* v. *Edwards* (7 Paige, 408). In this case Mrs. Haring received her deed on the 31st of July,

1874, in pursuance of an agreement made January 2, 1874. That agreement was that if she would sign a $4,000 mortgage she should receive this deed. But when she received this conveyance the large proportion of the husband's indebtedness to plaintiffs had accrued, according to the findings of the justice before whom this cause was tried. It seems to me that following the case of *Doty* v. *Baker*, above referred to, and which seems to be a well considered opinion, that the judgment appealed from should be modified so as to protect the inchoate dower interest of Mrs. Haring in the $4,000 mortgage which she was induced to sign in consideration of this conveyance to her. That is after the payment of the mortgages her inchoate dower interest in the sum of $4,000 must first be secured to her, together with her inchoate dower interest in the entire surplus after paying said mortgages as now provided by the judgment, before the plaintiff shall be allowed any sum whatever of the proceeds arising from a sale of the premises in question. In a word, before the plaintiff's claim can be paid Mrs. Haring must have allowed to her, not only all that the judgment now provides for her, but whatever her inchoate dower interest would be, in an amount equal to the amount due on the $4,000 mortgage, must be secured to her. This to be determined by the rule as laid down in *Jackson* v. *Edwards* (7 Paige, 408).

As thus modified the judgment is affirmed, but without costs to either party. Judgment to be settled by me.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment modified so as to allow Mrs. Haring also the value of her inchoate right of dower, and as modified affirmed without costs to either party. Judgment to be settled by OSBORN, J.