STEPHEN VALENTINE, .Respondent, v. MARGARET McCUE, Appellant.

*Foreclosure sale — when the publication of the notice is sufficient — power of the court to amend the judgment while the notice is running.*

Notice of a sale of real property in the city of New York under a decree of foreclosure, to take place on the 20th day of May, 1881, was published in two newspapers on April twenty-seventh (Wednesday) and thirtieth (Saturday), May fourth (Wednesday), seventh (Saturday), eleventh (Wednesday) and fourteenth (Saturday), and in one of them on May twentieth.

It was objected that during the week, "immediately preceding the sale" there was but one publication.

*Held,* that the notice was sufficient.

During the running of the notice of sale the judgment was amended by striking out so much of it as directed the referee to deduct out of the moneys arising from the sale of the mortgaged premises any lien or liens upon the property so sold for assessments or taxes or sales therefor, and by directing the referee to sell the mortgaged premises subject to all the valid assessments or taxes thereon, and also subject to a prior mortgage of $1,300 and interest due thereon from May 1, 1875.

*Held,* that the court had power to make the amendment, and that the validity of the sale was not affected thereby.

APPEAL from an order denying a motion to set aside a sale of property, made under a judgment of foreclosure entered herein.

*Thomas Nolan,* for the appellant.

*S. F. Cannon,* for the respondent.

BRADY, J. :

The application to set aside the sale of the property was made upon two grounds, namely, an alleged irregularity in the publication of the notice of sale and an amendment of the judgment after the commencement of such publication.

An examination of the papers shows that no irregularity in the publication of the notice of sale occurred. The sale was advertised to take place on the twentieth of May. The publication began in two papers on the twenty-seventh of April, was repeated on the thirtieth of that month and on the fourth, seventh, eleventh and fourteenth of May, and in one of the papers again on the

twentieth of May. It would thus appear that the first publication was on the twenty seventh of April, which was more than twenty days before the day of sale. It was published in one paper six times and in another seven times.

The statute (Code, § 1678) requires that the notice of sale must be given by publishing it at least twice in each week for three successive weeks immediately preceding the sale upon two days in each week, and the notice of sale was so published. It is certainly not necessary to cite any authority to establish the legal proposition that a week is a period of seven days of time, commencing at twelve o'clock on Saturday night and ending at the same hour on the following Saturday night. The first day is called Sunday and the seventh Saturday. (See 2 Bouv. Law Dic., 647; *Ronkendorff* v. *Taylor*, 4 Pet., 361; see, also, *Bunce* v. *Reed*, 16 Barb., 347; *Anon.*, 1 Wend., 90; *Steinle* v. *Bell*, 12 Abb. [N. S.], 171.) The period of a week therefore is seven full days, and when a publication is directed to be made twice a week for three weeks it means that there shall be a period of twenty-one days before the sale, calculated by weeks, during each of which two publications shall be made, and this shall occur without regard to the day of the week when the publication was commenced.

In analogy it was held that a notice of the sale of real estate upon an execution would be sufficient under the statute requiring that the time and place of sale should be publicly advertised for six weeks successively, if the notice is posted up as required by the statute forty-two days previous to the sale and a copy of the notice is published in six successive numbers of the weekly newspaper, although the first publication may be less than six weeks prior to the sale. (See cases collected in 4 Wait's Pr., 672.) The publication having been made twice within the period of seven days, and extending over a period embracing twenty-one days, the statute has been complied with. It thus appears that the irregularity discussed is not sufficient to warrant any interference with the sale. The amendment complained of, which was allowed during the running of the notice of sale, was one which ordered that the judgment of foreclosure made and entered on the 22d of April, 1881, should be amended by striking out so much of the judgment as directed the referee to deduct out of the moneys arising from the sale of the mortgaged

premises, any lien or liens upon the property so sold for assessments or taxes or sales therefor, and by directing the referee to sell the mortgaged premises subject to all the valid assessments or taxes thereon, and also subject to a prior mortgage of $1,300 and interest due thereon from May 1, 1875.

By reference to section 1678 it would appear that the terms of sale must be made known at the time of the sale, and if the property, or any party thereof, is sold subject to a right of dower, charge or lien, that fact must be declared at the time of the sale. The direction therefore that the referee should sell it subject to all valid assessments and taxes thereon, and subject to the prior mortgage, would seem to have been unnecessary under the provisions of the statute just mentioned, because by law it was necessary to state the incumbrances at the time of the sale.

The reason for the amendment in reference to the deduction from the moneys arising from the sale, of any lien, is not apparent. It would seem to be a mere repetition of the direction itself, because if the premises were sold subject to the lien the lien would necessarily form a part of the consideration to be paid and must be withheld in order to protect the purchaser.

Such an amendment clearly did not affect the defendant's rights, and was permissible within the authorities of the adjudged cases. It has been held, where upon a judgment of sale the sale was directed to be advertised three weeks instead of six as required by law, but in fact the advertisement was published six weeks, that the error might be corrected on motion and the purchaser be compelled to take title. (*Alvord* v. *Beach*, 5 Abb., 451; see, also, *Gaskin* v. *Anderson*, 55 Barb., 259; affirmed, 8 Abb. [N. S.], 312, *sub nom. Gaskin* v. *Meek*.)

It was also held that even in a sale in a partition suit the court would allow the judgment roll to be amended *nunc pro tunc*, by filing *nunc pro tunc* a bond of a guardian *ad litem* for an infant defendant. (*Croghan* v. *Livingston*, 25 Barb., 336; affirmed, 17 N. Y., 218; see, also, *McMurray* v. *McMurray*, 41 How., 41.)

The Code (§ 721) provides that a judgment shall not be affected or impaired by any informality in entering the judgment or making up the judgment roll; and by section 723 the court may, upon the trial or at any other stage of the action before or after judgment,

amend any process, pleading or proceeding by correcting a mistake or inserting an allegation material to the case, or where the amendment does not change substantially the claim and defense by conforming the pleading or other proceeding to the facts proved; and in every stage of the action the court must disregard an error in the pleadings therein or other proceedings which does not affect the substantial rights of the adverse party. There was nothing in the amendment suggested that could in any way affect the rights of the defendant. It related to existing liens only, subject to which the property was to be sold.

It must be clear that if they were not inserted in the judgment under the statute it would have been necessary to have stated them at the time of the sale under the provisions of section 1678, to which reference has already been made. But if this be not so, the power of the court to amend under the authorities and under the statute cannot be questioned; and the amendment having been made before the sale took place, the objection resting upon its having been made has no vitality.

There is no reason, therefore, for interfering with the order made by the court below, and it must accordingly be affirmed.

Davis, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements.