## HOFFMAN *a.* ROWLEY.

*Supreme Court, Sixth District; General Term, January,* 1862.

### SERVICE OF PAPERS ON A PARTY AFTER THE DEATH OF HIS ATTORNEY.

When the attorney for a party to an action has died, and due notice has been given to such party to appoint a new attorney, which he neglects to do, notice of any proceeding in the action is properly given to such party personally.

Motion for judgment on a verdict, subject to the opinion of the general term.

This action was brought to recover the possession of a piece of land situated in the county of Chemung, and was tried at a circuit held in that county in February, 1854; when, by direc·tion of the court, a verdict was rendered in favor of the plaintiff, subject to the opinion of the court at general term, on a case to be made. All proceedings were stayed on the verdict for sixty days; and it was ordered that if no case should be made within that time, the defendant might have a judgment of nonsuit against the plaintiff. A case was made and served, and defendant's attorney proposed amendments thereto, and served a copy thereof on plaintiff's attorney; but the case was never noticed for settlement or printed. The plaintiff's attorney died in September, 1859. In May, 1861, defendant's attorney served a notice upon the plaintiff at his residence at Big Flats, in the county of Chemung, to appoint another attorney; and that in default of making such appointment, all subsequent notices in the cause would be served by affixing them in the office of the clerk of Chemung county, at Elmira. No new attorney was appointed for the plaintiff. In October, 1861, the defendant's attorney duly served a notice by mail upon the plaintiff, that the case in the cause would be brought on for argument before the general term of the court, in Broome county, on the 19th day of November, 1861; and on the same day a copy thereof was posted up in the office of the clerk of Chemung county, in a conspicuous place. Defendant's attorney filed a note of issue in the cause with the clerk of Broome county, and the cause was placed upon the calendar for the Broome general term, held at the court-house in Binghamton, on the 19th day of November, 1861; on which day, upon proof of the aforesaid facts, defendant's attorney moved the cause for argument before said general term, and asked for a judgment in favor of the defendant upon the verdict, with costs. Plaintiff did not appear.

*James A. Christie,* for defendant.

By the Court.*—Balcom, P. J.—It is provided by statute, that "when any attorney or solicitor shall die, be removed or suspended, or cease to act as such, the person for whom he was

---

* Present, Balcom, P. J., Campbell and Parker, JJ.

acting shall be notified to appoint another attorney or solicitor, in such manner as the court shall direct, at least thirty days before any proceeding shall be had against such person. (3 *Rev. Stat.,* 5 ed., 477, § 54.) In Jewell *a.* Schouten (1 *Comst.,* 241), the attorney for the plaintiff in error removed from the State, and a notice was served upon the plaintiff to appoint another attorney, which he neglected to do; and the attorney for the defendant in error moved *ex parte* to dismiss the writ of error; and the court held that notice of the motion should have been given to the plaintiff in error, and therefore denied the motion without prejudice.

I think there can be no doubt that when the attorney of a party has died, and such party neglects to appoint another attorney, in such manner as the court shall direct, for thirty days after notice to appoint one, notices in the cause may thereafter be served on such party. The attorney for the plaintiff in this cause died in 1859, and the plaintiff was duly served with a notice to appoint another attorney in May, 1861, but he did not appoint one. It was, therefore, proper for the defendant's attorney to serve notices in the cause upon the plaintiff, in October of that year; and the notice of argument was regularly served on him in that month for the Broome general term, held on the 19th day of November thereafter. The cause, therefore, was duly noticed, and properly placed on the calendar for that general term.

The case became perfect, by the omission of the plaintiff's attorney to give notice of the settlement thereof, for ten days after he was served with a copy of the proposed amendments. (See *Rules* 34 and 35.)

The plaintiff did not appear to argue the case or to oppose the defendant's motion for judgment; and by Rule 39 the defendant was entitled to a judgment against the plaintiff upon the verdict, with costs.

For the foregoing reasons I am of the opinion an order should be made, as of the November general term, 1861, that the defendant have judgment against the plaintiff upon the verdict, with costs.

Decision accordingly.