## SUPREME COURT.

### No. 1.

JAMES A. SAXTON & JOHN DE WOLB agt. JOHN A. DODGE, JOHN STEVENSON & JACOB POLHEMUS.

### No. 2.

SAME agt. SAME.

### No. 3.

JAMES A. SAXTON agt. SAME.

### No. 4.

THE WAYNE COUNTY NATIONAL BANK OF OHIO agt. SAME.

In an action against three defendants who were copartners and for a partnership debt, who appear and answer by the same attorneys and by a joint answer, and two of the defendants have compromised and settled their proportion of the joint liability, a notice of trial served by the plaintiff in the action, in the ordinary form upon the surviving attorney, the other having died, with a notice indorsed on the same, to the effect "*that no personal claim is or will be made on the trial of the cause as against the defendants who have compromised, either for damages or costs, and that judgment will be demanded only as against the defendant who has not settled for the amount of damages and costs for which he may be liable,*" is regular as to all the defendants.

And where, on the trial of the cause under such notice, the attorneys for the defendants announce that they appear on the trial only for and in behalf of the defendants who have compromised, and not for the other defendant, a verdict against all the defendants, and the judgment entered thereon against all the defendants, is a verdict regularly rendered and a judgment regularly entered as against all the defendants. The proceedings on the part of the plaintiffs in procuring judgment in such a case are regular.

Such verdict and such judgment is not taken by default as against the defendant who has not compromised, or as against the defendants who have compromised.

A motion on the part of the defendant who has not compromised, made
more than a year after the judgment was entered, and he had notice of
it, to set aside the judgment as against him for irregularity, is too late.

Where the agreement for the compromise or composition of the joint lia-
bility of the defendants in an action, pending in this state, is made in
Ohio, the agreement is to be construed by the laws of New York and
not by the laws of Ohio.

It is no defense to the defendant who has not compromised that the other
defendants are discharged from their proportion of the joint liability;
it appearing that the agreement was made and discharge given after the
copartnership was dissolved.

Such a composition or compromise with two of the defendants and joint
debtors does not discharge the other defendant and joint debtor.  His
liability continues.

*Monroe Special Term, June,* 1873.

THESE four actions—and one other, *James A. Saxton and
John De Wolb* agt. *the same defendants, impleaded with one
Ephraim Ball*—were brought in the county of Cayuga, New
York, and commenced by service of summons on each per-
sonally, in March, 1867, on the defendants, John A. Dodge
of Auburn, N. Y., John Stevenson of Canada, and Jacob
Polhemus of Michigan, who composed the firm of "Dodge,
Stevenson & Co." These defendants—Dodge, Stevenson and
Polhemus—appeared jointly by Rathbun & Sittser, their
attorneys, in all five actions, and served their joint answer
therein in May, 1867.    These answers were all amended
March, 1868.    Demurrers were interposed by the plaintiffs
to these amended answers May, 1868, which were argued
August, 1868, and sustained, and orders duly entered and
served.    From these orders the defendants jointly appealed
to the general term, by their said attorneys.    The appeals
were argued and decision rendered in March, 1870, in part
affirming and in part reversing the orders of the special term,
and orders entered and served accordingly by the plaintiffs
July, 1870.    Mr. Rathbun, one of the attorneys for the
defendants, died in January, 1870, and service of the orders
of the general term were served on Mr. Sittser, the surviving

Saxton agt. Dodge.

attorney. The general term orders allowed the defendants to amend such of their answers, as to which the demurrers were sustained, within twenty days, upon payment of costs of the demurrers to such answers, but they never amended those answers or paid costs. Notice of trial in the several actions in the usual form, for the Cayuga October circuit, commencing October 3d, 1870, was served personally by the plaintiffs upon Mr. Sittser, the surviving attorney for the defendants, on the 19th day of September, 1870, Mr. Sittser retaining the copies served, and giving admission of service. Upon the back of each notice of trial so served was indorsed a notice, as follows : " You will also take notice, that no personal claim is or will be made on the trial of this cause as against the defendants Dodge or Polhemus, either for damages or costs, and that judgment will be demanded only as against the defendant Stevenson for the amount of damages and costs for which he may be liable."

These four causes were moved for trial by the plaintiffs October 13, 1870, counsel appearing in behalf of Stevenson only, and making a motion to put the causes over the term, Mr. Sittser being present. The motion was denied and the causes proceeded to trial in their order, and a jury empaneled. Mr. Sittser and the counsel who had made the motion in behalf of Stevenson appeared and were present. At the close of the plaintiffs' case in each suit, the same counsel who had appeared for Stevenson only on the motion to postpone, stated " that he appeared simply for the purpose of objecting to the inquests, in behalf of Dodge and Polhemus," the other defendants, and put in evidence the plaintiffs' said notice of trial and the stipulation indorsed thereon. No other evidence was introduced by the defendants, and the jury, under the instruction of the court, rendered their verdict in each case for the full amount claimed.

On the 13th day of October, 1870, judgments were entered upon the verdicts in each of the four actions, as follows :

---

Saxton agt. Dodge.

---

### No. 1.
| | | |
|---|---|---|
| Damages .................... | $4,987 82 | |
| Costs............. ......... | 213 61 | |
| | | $5,201 43 |

### No. 2.
| | | |
|---|---|---|
| Damages .................... | $16,095 16 | |
| Costs....................... | 216 67 | |
| | | 16,311 83 |

### No. 3.
| | | |
|---|---|---|
| Damages .................... | $9,747 33 | |
| Costs....................... | 213 61 | |
| | | 9,960 94 |

### No. 4.
| | | |
|---|---|---|
| Damages .................... | $14,194 66 | |
| Costs....................... | 213 61 | |
| | | 14,408 27 |

| | |
|---|---|
| Total................................ | $45,882 47 |

And notice of such judgments was served on Mr. Sittser, personally, the same day, and received and retained by him.

No substitution of attorneys for the defendants or either of them was ever made, and no notice was ever given the plaintiffs' attorneys that Mr. Sittser did not continue the attorney for the defendants and each of them.

Mr. Sittser wrote Stevenson that the causes were noticed for trial for said October circuit about the time the notices were served, and Stevenson received the letter, and retained the counsel who appeared for him and made the motion for the postponement of the trial.

No other proceedings were had in the actions until the service of the papers for this motion, March 22, 1873.

On the 18th day of February, 1870, and after the appeals were argued at general term, but before the decisions were rendered, the plaintiff Saxton, in behalf of the plaintiffs in the five suits, met the defendant Dodge, by appointment, of

Saxton agt. Dodge.

which the other defendants were both notified by Dodge, but which appointment they did not meet owing to other engagements, at Cleveland, Ohio, for the purpose of effecting a settlement of the suits, when the following agreement was made and executed, which Dodge carried out on his part, and received a release accordingly :

"Whereas the following entitled suits are depending in the supreme court in the county of Cayuga, in the state of New York, upon certain promissory notes heretofore executed by the firm of Dodge, Stevenson & Co., to Ball, Raff & Saxton, viz: *James A. Saxton* agt. *John A. Dodge, John Stevenson and Jacob Polhemus ; James A. Saxton and John De Wolb* agt. *Same Defendants; James A. Saxton and John De Wolb* agt. *Same Defendants ; The Wayne County National Bank* agt. *Same Defendants*.

" And, whereas, there is also another suit pending in the same supreme court for patent fees, wherein the said James A. Saxton and John De Wolb are plaintiffs, and the said Dodge, Stevenson & Polhemus are the real defendants, although Ephraim Ball is also a defendant with them upon the record, and, whereas, the above named defendants, except the above named Ephraim Ball, are jointly indebted upon said promissory notes as the makers thereof, to the said several plaintiffs, and have also a common interest in the subject-matter of the said suit instituted and pending for patent fees as aforesaid, and, whereas John A. Dodge, one of the defendants in the aforesaid suits, proposes to make a compromise with said plaintiffs of his liability in said suits, and, whereas, the said John A. Dodge has this day paid to the said plaintiff, James A. Saxton, in hand, the sum of $10,000, and has also herewith executed and delivered to the said James A. Saxton his four promissory notes of even date herewith, payable at the Cayuga County National Bank at Auburn, in the state of New York, with interest at seven per cent, as follows : One for $1,333.33, at three months from date ; one for $3,222.22, at six months from date ; one for

$3,222.22, in eighteen months from date ; all payable to the order of said James A. Saxton. Now, in consideration of the said promise, I, the said James A. Saxton, do hereby release and exonerate and discharge the said John A. Dodge from all and any liability by him incurred or to which he is subject as one of the makers of said promissory notes or either of them, so far as the same are embraced in any of the aforesaid suits to which I am a party; and also from all liability to which he is or would otherwise be subject by reason of his connection with the subject-matters of said suit for patent fees as aforesaid. But this release is not designed and shall not be construed to impair the right of the said James A. Saxton and John De Wolb, or either of them, to proceed in said suits or either of them, against the said John Stevenson or Jacob Polhemus, or either of them, nor in any way to impair their liability as joint debtors with said Dodge in said suits.

"And the said James A. Saxton, in consideration of the premises, further agrees with the said John A. Dodge, that the said Wayne County National Bank shall and will release the said John A. Dodge from all further liability upon the promissory notes upon which its said suit is brought, and that he will indemnify and save harmless the said John A. Dodge from all further liability to said bank upon said notes; but said release shall be without prejudice to the rights of said bank to proceed in said suits against the other makers of said notes, to wit, the said John Stevenson and Jacob Polhemus.

"It is understood that the said Stevenson and Polhemus, by severally giving, within two weeks, their notes for like amounts, and of the same terms and effect with the notes given to said Saxton by said Dodge as aforesaid, shall be severally entitled to a like release from their said liability as is hereby given to said Dodge.

"The notes upon which said suits are brought, when paid, are to be canceled by said James A. Saxton, and by him delivered to said John A. Dodge.

"Executed and delivered in Cleveland, Ohio, February 18, 1870.

(Signed) "JAMES A. SAXTON."

A copy of this agreement was sent by Dodge to both Stevenson and Polhemus.

The defendant Polhemus complied with the provisions of the agreement, and received a release, the same as that given to Dodge.

The defendant Stevenson sent his notes to be delivered to Saxton as provided for by the agreement, but withdrew them before delivery, for the reason, as he stated, that he could not meet them, and he never did perform under the agreement, and the causes were noticed, and tried as hereinbefore stated.

On the same day that the judgments were entered in the four suits, Saxton executed and acknowledged, in behalf of all the plaintiffs therein, a release to Dodge entitled in the four suits, with a statement of the judgment entered in each suit, as follows:

"Whereas the judgments, of which the foregoing are abstracts, were and each of them was for a joint liability of the defendants therein named, and, whereas, the said John A. Dodge has, under and pursuant to chapter 257 of the statutes of the State of New York, made a separate composition or compromise of his individual liability upon said judgments and each of them, by the payment upon the same of the sum of $1,100, now, therefore, this note or memorandum in writing is made by the said plaintiffs respectively, under and pursuant to said statute above mentioned, and as evidence of said composition or compromise made as aforesaid.

Dated October 13, 1870."

A like instrument was at the same time executed and delivered to Polhemus and both were filed, October 19th, 1870.

Stevenson wrote Saxton several letters both before and after the trial, and after the decision of the general term

upon the demurrers, seeking a more favorable compromise of his proportion of these claims embraced in these judgments. This correspondence continued down to less than a year before the motion papers were served. These letters bear date, March 23d, 1870, February 1st, 1871, September 26th, 1870, and April 2d, 1872.

In August, 1871, Saxton, as owner of these judgments, brought an action in equity against Stevenson and another to set aside the sale or transfer by Stevenson of certain real estate, for the purpose of satisfying these judgments against him. Stevenson and the other defendant appeared by attorney and answered in this action in November, 1871.

And afterwards procured an open commission for their examination in Canada as certified in their own behalf.

This commission was executed on the 6th day of February, 1872, at Napanee, Ontario, and Stevenson's testimony was taken.

It appeared from this testimony of Stevenson, and from other papers, that the firm of Dodge, Stevenson & Co. was dissolved, and ceased doing business on the 10th day of March, 1866, and on that day sold and transferred their business, property and effects to The Dodge and Stevenson Manufacturing Company.

Under this state of facts, Stevenson by his counsel on the 22d day of March, 1873, served the motion papers for this motion, claiming that the verdicts upon which the said judgments were recovered were taken by default, as to said Stevenson, and asking that the verdicts and judgments recorded thereon in each action be set aside and opened, because of such default, and that Stevenson have leave to pay costs of the said demurrers, and to make and serve an amended answer in each action, conforming to, or avoiding the objections stated in the opinion of the general term, or avoiding the grounds upon which such demurrers were sustained; and to make and serve supplemental answers setting up the facts relative to the said release and discharge in Ohio, and the

Saxton agt. Dodge.

further compromises, releases and discharge made after the entry of the judgments to Dodge and Polhemus, etc.

H. V. HOWLAND, *for motion.*

I. The defense is one that arose after the action was commenced, and had been in progress for three years.

But it is a perfect defense to all the partners.

The settlement and compromise with one partner, during the existence of the partnership is a good defense to all.

Whether we take the Ohio statute or the New York statute (*See Ohio Statute,* 4 *vol. Stat. at Large, p.* 450; 4 *Barb.,* 92; 1 *Denio,* 30).

II. This was a plain case where Dodge, as a partner, colluded with plaintiff and deceived Stevenson.

This is apparent from all the facts (10 *How.,* 301; 3 *Abb.,* 446; 22 *How.,* 477; 6 *How.,* 296; 26 *How.,* 394; 14 *How.,* 446).

ROLLIN TRACY, *opposed.*

I. These judgments were recorded more than one year (more than two years) before this motion was noticed.

This is against the express provision of the statute and of the Code.

By the 2d Revised Statute (Edmond's ed.), page 371, section 2, it is provided :

"No judgment in any court of record shall be set aside for irregularity on motion, unless such motion be made within one year after the time such judgment was recorded " (*Laws,* 1817).

And by the Code, section 174, it is provided:

(1.) " The court may likewise *in its discretion,* and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this act; or by an order enlarge the time; and,

(2.) "May also, *in its discretion*, and upon such terms as may be just, at any time *within one year* after notice thereof, relieve a party from a judgment or order, or other proceeding taken against him through his mistake, inadvertance, surprise or excusable neglect." * * * * * *

This motion comes directly within these statutes.

And the court has no jurisdiction to entertain the motion, as the period of *one year*, the time limited within which the court can exercise a discretionary power, has long since expired (*See Park* agt. *Church*, 5 *How.*, 458; *Whitney* agt. *Kenyon*, 7 *How.*, 458; *Van Benthuysen* agt. *Lyle*, 8 *How.*, 312; *Martin* agt. *Lott*, 4 *Abb.*, 365; *Cook* agt. *Dickerson*, 1 *Duer*, 687; *The M. & M. Bk. of*, &c., agt. *Boyd*, 3 *Denio*, 257; *Armory* agt. *Armory*, 3 *Abb.* [*N. S.*], 16).

These statutes and these cases must be conclusive of this motion.

II. Even if the court entertains the motion, on the merits, the papers must disclose such a state of facts as will convince the court that this is not a case where, in the exercise of its discretion, the motion should be granted.

Any fraud or deception practiced by the defendant Dodge upon his copartners and codefendant Stevenson, can have no effect upon the rights of these plaintiffs who have in nowise participated in such deception. That is a matter to be settled between Dodge and Stevenson, and these plaintiffs should not be embarrassed or delayed thereby from the collection of their claims.

III. These judgments were not taken by default in any sense, certainly not in the sense contemplated by the Code.

IV. *First.* The agreement sought to be set up by the answers, is not one to which the Ohio laws apply, but one which must be construed by the laws of New York.

Although it is an agreement made in Ohio, it is to take effect and become operative in New York, for the suits it is intended to affect are pending in New York (*See* 2 *Kent Com.*, 11*th ed.*, 595; *Pomeroy* agt. *Ainsworth*, 22 *Barb.*,

120; *Bowen* agt. *Newell*, 13 *N. Y.*, 290; *Le Breton* agt. *Miles*, 8 *Paige*, 261; *Bell* agt. *Bruen*, 1 *How. U. S.*, 552; *Thompson* agt. *Ketchum*, 4 *Johns.*, 285; *Hyde* agt. *Goodnow*, 3 *N. Y.*, 269).

*Second.* It is no defense under the laws of Ohio (*See R. S. of Ohio, vol.* 1, *page* 905; *Laws of Ohio*, 1857, *page* 94).

*Third.* It is no defense under the laws of New York. (*See* 4 *R. S.* [*Edmonds ed.*], *page* 450; *Laws of N. Y.*, 1838, *chap.* 257.

V. The motion, in any view of the case, should be denied, with costs in each action.

JAMES C. SMITH, *J.*—The motion is based on an alleged irregularity in the proceedings on the part of the plaintiff, and is also addressed to the discretion of the court.

The alleged irregularity is the want of due notice of trial. But the notice served on Mr. Sittser, the surviving attorney of the defendants, after the death of his partner, was regular and sufficient. The plaintiff's proceedings were regular, and, if they were not, the motion to set them aside for irregularity is too late, more than a year having elapsed since the payment was rendered, and the defendants had notice of it.

So far as the motion is addressed to the discretion of the court, the principal ground urged for it is that the defendant ought to have an opportunity to set up in his answer the discharge of his copartners. To this there are insuperable objections.

In the first place, it is not probable that the matter alleged would constitute a defense if it were pleaded. The compromise between Saxton and Dodge, though made in the state of Ohio, was made in view of the laws of this state, and there can be no doubt, that in consideration of all the circumstances attending it, its effect is to be determined by the laws of this state. The papers read on this motion show very satisfactorily that when the compromise was made, the partnership had been dissolved. That being the case, the

Saxton agt. Dodge.

compromise was valid under the laws of this state, and did not discharge Stevenson from his liability. (*Laws* 1838, *chap.* 257.)

But waiving the question of the merits of the proposed defense, the delay and the conduct of the defendant with reference to the compromise, have been such that he ought not to be permitted to set it up at this late day, as matter of favor. His correspondence shows that he was informed of the compromise soon after it was made, and several months before the trial. Also, that he was informed of the trial and its result, in the fall of 1870. No satisfactory excuse is shown for his neglect to move in season. The claim that he was ignorant of the legal effect of the compromise, is no excuse. It appears very clearly, by his own letters, that when he was informed of the compromise, he acquiesced in it, and executed certain promissory notes with the intention of delivering them to Saxton for the purpose of carrying out the compromise. Afterwards he recalled the notes, and declined to deliver them, on the sole ground that he was unable to pay, and, as late as the 26th of September, 1870, he wrote to plaintiff, promising to pay him when able. That letter was written several days after the causes were noticed for trial, and from its tenor and other circumstances, disclosed by the papers, it is apparent the defendant was informed of the fact that the causes had been noticed when he wrote the letter. In short, the case looks as if the defendant, having full knowledge of the compromise and of the plaintiff's proceedings in the action, made up his mind that it was useless to defend, as he was unable to pay, and the plaintiff would be unable to collect any judgment he might recover.

In addition to all this, is the circumstance that an action in equity has been commenced against Stevenson and others, to enforce the judgments, in which action Stevenson appeared and joined issue, as long ago as in November, 1871.

Motion denied, with ten dollars costs.