Ingraham, J.—[After stating the facts.]
It is clear that the complaint is demurrable, on the ground that the plaintiff has not alleged that the legal remedies against the surviving *192 partners have been exhausted, unless the allegations of the complaint bring the case within section 1942 of the Code. By that section the joint debtor may make a separate composition with his creditors as therein prescribed. Such a composition discharges the debtor making it and him only. A member of a partnership can not thus compound for a partnership debt until the partnership is dissolved by consent or otherwise. In that case the instrument must release- or exonerate him from all liability incurred by reason of his-connection with the partnership.
1 think the release, as pleaded, is sufficient, under section 1942 of the Code referred to. It does not in that section provide that the instrument must contain a clause releasing- or exonerating the debtor from all liability incurred by reason of his connection with the partnership, but that the instrument must, as matter of fact, so release or exonerate the-debtor ; but when it is alleged that there was but one obligation upon which the joint debtors were liable to the creditor, and that there was no other liability to the creditor-incurred by reason of the debtor’s connection with the partnership, and the instrument releases him from all liability for and in respect to the said indebtedness, the legal effect of the instrument is that the compounding debtor is released ■ or exonerated from all liability incurred by reason of his-connection with the co-partnership, and such release does not, under the provisions of the section, impair the creditor’s-right of action against any other joint debtor.
After that release was executed the plaintiff ha,d a demand against Whitaker and Agate, but in consequence of the release had lost his right of action against the other members-of the firm. Agate died ; by his death, at common law, the plaintiff lost his right to proceed against Agate’s estate ; the remedy at law could only be had against the survivor, and-this was irrespective of the question whether there was at-the time of the death of the joint debtor joint property owned by the debtors which vested in the survivor.
The plaintiff’s case then stood thus : He had his legal *193 remedy against Whitaker for the collection of his debt, but he had also a lien in equity upon the estate of the deceased debtor.
Courts of equity, however, would not entertain an action against the estate of the deceased partner where there was an adequate legal remedy by which full redress could be obtained ; hence it followed, to enable a creditor to collect his debt in equity from the estate of the deceased joint debtor, he must show that he could not collect it by a proceeding at law against the survivor. It was sufficient for this purpose to aver and prove the insolvency of the survivor (Pope v. Cole, 55 N. Y. 127).
In that case it was held that although the executor proved that the survivor had property of the firm from which, had the sheriff discovered it, the execution might have been satisfied, that the plaintiff was entitled to recover from the estate of the deceased partner because the plaintiff was not in fault for the failure of the sheriff to discover the property. They had done all that was required of them when they delivered the execution to the sheriff. It was also held that where the plaintiff could prove the insolvency of the survivor, and thus show that he had no legal remedy for the collection of his debt against him, he may proceed to enforce payment from the estate of the deceased partner, or other joint debtor, without bringing an action against the survivor, or that he must exhaust his legal remedy against the survivor and then proceed against the estate of the deceased debtor.
The plaintiff alleges in this action that both of the conditions required by the case last cited, as a condition of the maintenance of this action, exist. He alleges that the execution upon the judgment against Whitaker was issued to the sheriff of the city and county of New York, where Whitaker resided, and was returned unsatisfied, and that Whitaker was, at the time of the confession of judgment, and at the time of the death of Agate, and ever since, has *194 been and now is totally insolvent and unable to pay his debts, or to pay the balance due upon the said promissory note.
These allegations show that the plaintiff has no legal remedy, for, by the release, he has lost his.remedy against Grainger and Battershall, and Whitaker is insolvent. He is, therefore, entitled to maintain his action in equity to charge the estate of the deceased partner with the payment of the debt.
The entry of the judgment on the confession was not a bar, by express provision of the code, to an action against all the joint debtors upon the same demand. Plaintiff could, therefore, prior to the death of Agate, have commenced an action against the joint debtors. Agate being dead, he can maintain his action against his estate on showing that he has no remedy at law against the survivors, and this the complaint alleges.
I think, therefore, the demurrer must be overruled and judgment ordered for plaintiff, with costs, with leave to defendant to withdraw the demurrer and answer on payment of costs.
Note on releases to one of several debtors.
The statute is as follows :
Code Civ. Pro. § 1942. A joint debtor may make a separate composition with his creditor, as prescribed in this section.' Such a composition discharges the debtor making it ; and him only. The creditor must execute to the compounding debtor a release of the indebtedness, or other instrument exonerating him therefrom. A member of a partnership cannot thus compound for a partnership debt until the partnership has been dissolved, by consent or otherwise. In that case the instrument must release or exonerate him from all liability incurred by reason of his connection with the partnership. An instrument, specified in this section, does not impair the creditor’s right of action against any other joint debtor, or his right to take any proceedings against the latter; unless an intent to release or exonerate him appears affirmatively upon the face thereof.
[This section which took effect Sept. 1, 1880, supersedes the act of 1888, L. 1838, c. 257, as am’d by L. 1845, c. 348, which was substantially to the same effect.]
*195 Code Civ. Pro. § 1943. An instrument, specified in the last section, is deemed a satisfaction-piece, for the purpose of discharging, as prescribed in section 1260 of this act, the docket of a judgment, recovered upon an indebtedness released or discharged thereby, as far as the judgment affects the compounding debtor. Where the docket of a judgment is discharged thereupon, a special entry must be made npon the docket, to the effect that the judgment is satisfied as to the compounding debtor only.
Code Civ. Pro. § 1944. Where a joint debtor has thus compounded, a joint debtor who has not compounded may make any defense or counterclaim, or have any other relief as against the creditor, to which he would have been entitled if the composition had not been made. He may require the compounding debtor to contribute his ratable proportion of the joint debt, or of the partnership debts, as the case may be, as if the latter had not been discharged.
A release of a judgment recovered against one of two joint and several debtors, without service of the other, necessarily releases the other, although it would be otherwise of a release of the liability of the one served. Supm. Ct. 1885, Coonley v. Wood, 36 Sun, 559.
What obligations are within the statute.] A judgment against several, for damages for negligence, is a joint obligation, within the act of 1838, as to releases to one of several joint debtors. N. Y. Super. Ct. 1873, Irvine v. Milbank, 14 Abb. Pr. N. S. 408; s. c., 36 Super. Ct. (J. & S.) 264; affi’d in 15 Abb. Pr. N. S. 378, on other grounds. So is the statutory joint and several liability of stockholders. Supm. Ct., 1880, Herries.v. Platt, 21 Hun, 132.
The instrument.] Compromise with one of several joint debtors deemed valid, under the act of ,1838, though made in another State. Supm. Ct. Sp. T. 1873, Saxton v. Dodge, 46 How. Pr. 467.
A release by parol to one joint debtor will not operate as a discharge to other debtors jointly liable, and can only be pleaded by the debtor to whom it is given. [2 Johns. 448; 7 Id. 209; 9 Wend. 336.] Ct. of App. 1877, Morgan v. Smith, 79 N. Y. 537; affi’g, in part, 7 Hun, 244.
An agreement not under seal, releasing one judgment-debtor in an action in tort but preserving the remedy against the others. Held, an instrument to be enforced according to the intent of the parties, which • did not discharge the others. Ct. of App. 1874, Irvine v. Milbank, 56 N. Y. 635; s. c., 15 Abb. Pr. N. S. 378; affi’g 14 Abb. Pr. N. S. 408; s. c., 36 Super. Ct. (J. & S.) 264 (but compare Mitchell v. Allen, 25 Hun, 543).
A release of one joint debtor which will release all must be under seal. [7 Johns. 207.] Irvine v. Milbank (above).
*196 To the same effect, 1881, Honnegger v. Wettstein, 47 Super. Ct. (J. & S) 125.
Precedents.] The following precedents may he useful to adapt to cases for which they may be appropriate.

Gommon Form.

Whereas, the late co-partnership firm of Y. Z. & Co., of-, are indebted to me, the undersigned, A. B.,-, of the city of --, in the sum of--dollars [and if the indebtedness is on a judgment of a court of record of this State, add words to this effect, by virtue of a judgment recovered in the supreme court of the State of --, in an action wherein said A. B. was the plaintiff, and the said late firm were defendants]: And whereas, such firm has been dissolved : And whereas, I have agreed with Y. Z., a member of the said firm, to compound or compromise my claim on him individually in respect to the said indebtedness to me of the said firm, for the sum of —=-dollars: Now know ye, that in consideration of the sum of -dollars to me, the said A. B., paid by the said Y. Z., at or before the time of my subscribing this release, I, the said A. B., do-hereby, according to the statute in such case made, release, acquit and forever discharge the said Y. Z. and his estate of and from all individual liability, claim and demand whatsoever, for or in respect of his connection with the said partnership; Pbovided, however, that this release is made pursuant to sections 1942, 1943 and 1944 of the Code of Civil Procedure of the State of New York, and shall have no greater or other effect than as by said act and this release is provided.
Witness my hand and seal, this-day of--, 188 .
[Seal.]

Release of surviving partner from, specified debts.

Know all men by these Presents That whereas heretofore P. F., B. B. C. and 0. H. R. were co-p'artners in business in -, and doing business in said--and elsewhere under the firm name of F., C. & Co.:
And whereas said firm heretofore and about the-day of-, 18— became insolvent and failed in business :
And whereas the undersigned, 0. F., and, in his lifetime, P. M., Merchants of--, heretofore became, and said 0. F. and C. E. M. Executrix of the last will and testament of said P. M. who departed this life thereafter, are now the sole owners of the following named outstanding debts, judgments, notes, acceptances, claims, etc., of and.against the said firm, viz.:
[Here follows schedule.] *197 in or upon which the said E. B. 0. is liable, responsible, involved, connected or interested by reason of his membership of said firm, or individually or relative to the business of the same :
And whereas we the undersigned have agreed for the sum of-dollars by said E. B. 0. to be paid to us as representing and ourselves together owning said debts, to absolutely release and forever discharge and acquit him, said E. B. 0. of and from any and all liability on his part for any portion or share of said debts or connected therewith in any wise, or that we or either of us might assert, make or claim against him:—
Now therefore in consideration of the payment by said E. B. 0. to us of the said sum of--dollars the receipt whereof is hereby acknowledged, and in full settlement, adjustment, compromise, and satisfaction of said debts, and all claims and demands whatsoever accruing therefrom, and in further consideration of the premises and of the said E. B. 0. at our request, fully releasing all claims against his said copartners, we the owners of the aforesaid debts of, and several claims against, the said firm of P. 0. & Co. which formerly included said E. B. 0. as a member thereof, do hereby release, remise and forever discharge and acquit said E. B. O. his executors and administrators of and from any and all of said liability for or on account of any of said debts, liabilities or obligations on account of his membership thereof, and from all and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever in law or in equity which against said E. B. 0. we or either of us ever had, now have, or which we or either of us or our respective heirs, executors, administrators or assigns hereafter can, shall or may have for upon or by reason of any matter, cause, or thing whatever from the beginning of the world to the day of the date of these presents: And in consideration of the premises and of one dollar to us by him paid, we jointly and severally agree and covenant to give him or his legal representatives any further release or discharge which he or they may demand of and from any of the said debts, dues, demands or obligations, and in case any judgment or judgments have been or may be recovered or may have been or may be docketed against said firm by reason of any of the said debts and liabilities, in each respective case to procure and give to the said E. B. 0. or his legal representatives proper and legal discharge or satisfaction of the same as to him or his legal representatives so that the same may be cancelled and discharged of record.
In witness whereof, [etc.

*198
Release of estate of deceased co-partner.

To all to whom these presents shall come or may concern. Greeting :
Know ye that we, J. A. M. and W. H. W., both of-, surviving members of the late firm of M. & W. in--, for and in consideration of the sum of-to us in hand paid, by M. M. M., as administrator of the estate of J. F. M., deceased, late of--, the receipt whereof is hereby acknowledged have remised, released and forever discharged, and by these presents do for ourselves, our heirs, executors and administrators, remise; release and forever discharge the said M. M. M. as administrator, etc., of said J. F. M., deceased, and the heirs at law of the said J. F. M., deceased, and each and every of them, their and each of their heirs, executors and administrators, of and from all and all manner of actions, causes of actions, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, promises, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity which against him, them or any or either of them we ever had, now have or which we, our heirs, executors or administrators hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever relating to or connected with the ownership, proprietorship or co-partnership interests of the late firm of M. & W. in the Madison Avenue line of stages, (so called) from the beginning of the world to the day of the date of these presen ts.
And we do hereby further expressly guaranty to protect and save, harmless, them and each of them, their heirs, executors, administrators, from all loss or damage [or from all liability] by reason of any suit or suits now pending against the said firm of M. & W.
In witness thereof, [etc.]
Release of personal liabilities, by secured creditors.
The undersigned creditors of M. N., and heretofore doing business in, etc., in consideration of one dollar to us paid and of this agreement hereby agree with each other, and the said M. N. that we will and do hereby, in exonoration of the personal estate and liability of said Holmes accept respectively the securities by mortgage or other lien held by us or on our behalf, for bebts of said M. N., and release all claim to dividend from his assigned estate or otherwise, but without prejudice to the enforcement of such securities against the property bound thereby.
In witness, [etc.]
Compare Murray v. Fox, 104 N. Y. 382.