## CRONIN *v.* O'REILEY.

### (*Superior Court of Buffalo, Special Term.* October, 1889.)

ATTORNEY AND CLIENT—DISQUALIFICATION—SUBSTITUTION.

Under Code Civil Proc. N.Y. § 61, prohibiting the clerk of a court from practicing as attorney or counselor therein; and section 65, providing that, if an attorney becomes disabled to act at any time before judgment, no further proceedings shall be taken against the party for whom he appeared until after 30 days' notice to appoint another attorney,—the service of papers by the surviving partner of a firm of attorneys, after the other has been appointed clerk of the court, is authorized and regular without a formal substitution for the latter, who remains the attorney of record, where he has ceased to take any part in the proceedings, and had, with the consent of the client, turned over the action, and all the papers therein, to the survivor.

Motion to vacate an order.

Action by Patrick Cronin against Dennis F. O'Reiley. Plaintiff moves to vacate an order removing the receiver appointed in the action, granted upon motion of defendant.

*Norris Morey*, for plaintiff.    *George Wadsworth*, for defendant.

HATCH, J. This action is brought for the dissolution of a partnership heretofore existing between the parties to it, and for the appointment of a receiver. The action was commenced in 1885. The firm of Green, McMillan & Gluck appeared therein as attorneys for the defendant. In February, 1886, the law firm of Shire & Van Peyma was duly substituted as attorneys for defendant in place of said first-named firm. They have ever since remained, and are now, the attorneys of record. On the 1st day of October, 1886, Moses Shire, the senior member of the last-named firm, was duly appointed clerk of this court, and immediately entered upon the duties of said office, which he has ever since continued to perform. On the 29th day of December, 1888, motion papers were served herein on behalf of the defendant, subscribed by H. B. Van Peyma, as attorney for the motion, asking that the receiver appointed in the action be removed. The plaintiff's attorneys duly appeared, and opposed said motion, and the same was heard, without objection, upon the merits. On the 21st day of January, 1889, the judge rendered a decision granting said motion, and on the 28th day of March, 1889, an order in conformity therewith was duly entered in the office of the clerk of this court. Motion is now made to vacate and set aside said order upon the ground that Shire, being still the attorney of record, is by statute disqualified from practicing in this court, and

that, while he so remains such attorney, the court is without power to enter-tain proceedings in the action.

Section 61, Code Civil Proc., provides that the clerk of a court shall not practice as an attorney or counselor in that court; and counsel for plaintiff very properly insists that there is manifest impropriety in such a relation. Very cogent reasons exist why a clerk should not practice in the court of which he forms a part. It falls within the reason and principle which disqualifies a judge from participating in a cause in which he is interested. If the fact, therefore, be that the clerk occupies such relation, then this motion should be granted. It, however, appears by the opposing affidavits, read upon this mo-tion, and no attempt is made, either by proof or assertion, to dispute it, that Mr. Shire, from the assumption of the duties of clerk, has taken no part in the conduct of this suit; but at that time, by and with the consent of the de-fendant, he turned said action, and all papers therein, over to H. B. Van Peyma as attorney, and thereupon said Van Peyma associated with him Mr. George Wadsworth as counsel, and all proceedings therein have since been conducted by said last-named persons. Said Shire supposed that an order substituting said Van Peyma as attorney for defendant had been entered. The question thus presented is, does the fact that Shire still remains the attorney of record render void any proceedings had therein, even though in fact he took no part therein?

By section 65, Code, it is provided that if the attorney dies, is removed or suspended, or otherwise becomes disabled to act, at any time before judg-ment, no further proceedings shall be taken against the party for whom he ap-peared until after 30 days' notice shall be given to appoint another attorney. Section 61, Id., does not render permanent the disqualification of the attor-ney in the present case, but only for the period that he continues in office, and during such period he is prohibited or disabled from practicing. By section 65 he is placed in the category and upon the same footing as if he were dead; for the disability here, so long as it lasts, is quite as effective in preventing practice in this court as death. Shire being thus disqualified, Van Peyma alone was the only person having any standing to represent the defendant. It was held in *Saxton* v. *Dodge*, 46 How. Pr. 467–477, that service of notice of trial upon the surviving partner of a firm of attorneys was regular. I see no rea-son why the converse of the rule is not equally sound, nor why it is not equally applicable to any case of disability created by law. I am therefore constrained to hold that the service of the motion papers by Van Peyma was authorized and regular without a formal substitution. But, if it be conceded that the service of the motion papers by Van Peyma alone was irregular, the plaintiff, by appearing and arguing the motion upon the merits, and awaiting a decision of the motion, without objection, cannot now be heard to urge that the court should not have heard or decided it. If any irregularity existed, it has been waived. *In re Cooper*, 93 N. Y. 507; *Howard* v. *Sexton*, 1 Denio, 440; *In re Hathaway*, 71 N. Y. 238; *White* v. *Coulter*, 59 N. Y. 629. If, however, it appeared that Shire had participated to any extent, however slight, in the proceedings now sought to be set aside, it would be the duty of the court to interfere, and vacate the order, notwithstanding that no objection was inter-posed; but, where it so clearly appears that it has in no manner interfered or been connected with the proceeding, there exists no ground for interference. The motion is therefore denied, with costs.