By the Court.—McAdam, J.
The action was tried March 25, 1891, and resulted in a verdict for the defendants. Upon the coming in of the verdict, the defendants’ counsel moved for an allowance in addition to costs. The trial judge entertained the application and reserved his decision thereon. On March 28, 1891, James Clinton Bolton, one of the plaintiffs and the attorney of record for both plaintiffs, died. On April 1, 1891, the trial judge (having no knowledge of the death) decided the pending application, and granted the defendants an allowance of $500. The death of Mr. Bolton did not invalidate the decision. The verdict was rendered before the death of Mr. Bolton, and eo instanti et ipso facto, the defendants’ right to costs (of which the allowance was part) became absolute. The defendants were not to suffer through the court’s delay. “ It is by no means unusual,” says Lord Kenyon in Pearson v. Rawlings, 1 East, 405, to make entries of judicial acts nunc pro tunc.” And the reason is given in Crispe v. The Mayor of Berwick, Vent., 90, “ there being no default in the party, hut a delay which came by the act of the court.” So in Craven v. Hanley, Barnes, 255, it is said, the party must not suffer by the court’s taking time to consider.” In Lure v. Rest, 10 Mod., 30, a writ of inquiry was executed, and before the entry of judgment, which was delayed by act of the court, the plaintiff died, and it was held that having delayed the entry of judgment, it should be entered up as of the proper term. *61 And so where a party dies after an appeal has been argued and submitted, the judgment thereon may he entered nunc pro tunc, as of a day before the death. Beach v. Gregory, 2 Abb., 203, affd. 3 Ib., 78; Bergen v. Wyckoff, 1 Civ. Pro. R., 1. And to the same general effect are numerous other authorities. It is not claimed that the allowance was unauthorized or excessive in amount, merely that the order was for the reasons stated irregularly made.
On April 13, 1891, an order was made permitting the defendants to enter judgment nunc pro tunc as of March 25, 1891, the day on which the verdict was rendered and the motion for an allowance made.
Upon the authority of this order, and the provisions of § 763 of the Code, which permits a party having a verdict in his favor to enter final judgment thereon, notwithstanding the death in the interim of the defeated party, the defendants entered their judgment. The costs were taxed without notice (Code, § 3264). On May 13, 1891, Smith & Perkins served notice of appearance, and the costs were re-taxed on notice to them. Jurisdiction was preserved, and if as claimed by the plaintiffs’ attorneys, the defendants should have delayed further proceedings after the verdict, until a new attorney was appointed in place of Mr. Bolton (Code, § 65). The failure to observe that provision was at most a departure from prescribed practice and constituted an irregularity merely, which was obviated by the subsequent proceedings had in reference thereto. First, we have the notice of re-taxation of costs with an admission of due service on Smith & Perkins endorsed thereon, and at the same time was served a copy of the judgment previously entered. Next, we have the application of the plaintiffs to set aside the judgment and we have the action of the court thereon, June 1, 1891. The record both as to parties and attorneys being at that time complete, the court could certainly then have acted upon any application the exigencies of the case required. If the *62 proceedings taken between the rendition of the verdict and the appointment of Smith & Perkins as attorneys for the plaintiffs constituted a departure from the practice prescribed by section 65 of the Code, the irregularity was one which could have been corrected at the hearing of the motion argued on June 1, 1891, when the record as to parties and attorneys was complete. This being so, the defendants might have invoked the application of the rule which allows a party opposing a motion to amend the defects complained of, without a new motion on his part, when the amendment proposed is proper in itself, and the court can see from the nature of the case that no new facts can be presented to defeat it, Spaulding v. Spaulding 3 How., 302; Hawley v. Bates 19 Wend., 632; Whaling v. Shales, 20 Ib., 673, and kindred cases. To have vacated the judgment, and the next minute reinstated it, would have worked no benefit to the plaintiffs, and courts do not encourage such circumlocutory practice. The denial of the plaintiffs’ motion was tantamount to a new direction that the judgment be entered nunc pro tunc as of March 25, 1891, the day on which the verdict was rendered.
No rights have been lost by the plaintiffs and no benefits gained by the defendants.
The judgment has been appealed from by the plaintiffs, so that the questions presented here are purely technical and without substantial merit.' It follows that the order appealed from must be affirmed, with costs.
Gildersleeve, J., concurred.