# Schafer's Estate.

*Attorney at law—Attorney and client—Dismissal of attorney—Employment of other counsel—Distribution—Jurisdiction.*

1. Where a client dismisses an attorney at law, it is not necessary that formal notice of dismissal should be given. Any act which shows an intention to sever the relation is sufficient. Thus the employment of other counsel shows an unmistakable purpose to sever relations.

2. Where an administrator files an account, and a guardian who had employed the same attorneys as the administrators, objects to the fees of the attorneys as excessive, and employs other counsel to file exceptions

and secure their reduction, the employment of other counsel is an implied discharge of the former attorneys; and if the administrator permits the attorneys to retain from the fund ordered to be distributed to the guardian any fees as attorneys for the guardian after the employment of other counsel, the administrator will be compelled to make good to the guardian the amount retained.

3. Where the orphans' court has jurisdiction to make a decree, it has the implied power to enforce it.

Argued May 7, 1909.   Appeal, No. 37, April T., 1909, by J. F. and E. R. Edmundson, from decree of O. C. Allegheny Co., Feb. T., 1907, No. 98, enforcing distribution in Estate of Frank Schafer, deceased.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ.   Affirmed.

Petition for order to enforce distribution.

HAWKINS, P. J., filed the following opinion:

The purpose of this proceeding is to enforce the execution of a decree of distribution made by this court.   In order to understand the situation it is necessary to go back to the beginning of the administration.   Messrs. Edmundson & Cahan, attorneys for the estate of Mr. Schafer, made arrangements with the Colonial Trust Company to act as administrator of the estate, and the Fidelity Title & Trust Company as guardian of the minor children, and to employ them as counsel.   In due course the administrator filed an account in which it charged itself with assets amounting to $51,983.64 and took credit among other items for counsel fees $2,519.18 paid Messrs. Edmundson & Cahan.   The guardian employed other counsel to file exceptions to this credit as being excessive and after full hearing reduced the credit by $1,399.18.   The administrator afterward without consulting the guardian voluntarily paid the whole balance found to be in its hands to Messrs. Edmundson & Cahan, who after deducting $750 for alleged services to the guardian tendered the balance.   The guardian denied their right to his fee, and after refusal of the administrator to pay the full amount of decree filed this petition to which the administrator answered payment to Messrs. Edmundson & Cahan, as attorneys for the

guardian, and asked that those attorneys be brought on the record as parties, which was done, and an answer filed by them in which they averred their original employment, that they had not been discharged and asserted their right to the fees deducted. The guardian relied on the filing of the exceptions and the contest over fees as an implied discharge, and averred payment in full for all services rendered for which they were employed. At the hearing it appeared that prior to the filing of the exceptions the only services rendered by these attorneys were in the appointment of the guardian, the filing of the inventory, and exemption, the collection of about $100 and a request to the administrator to advance funds for the maintenance of the wards, for which they were paid. Between the date of the filing of the exceptions and the tender of the amount collected from the administrator there was no communication between these attorneys and the guardian.

On these facts, the questions presented are whether or not the filings of exceptions was an implied discharge of the attorneys; and if not, the fee deducted was reasonable compensation for the services required and rendered.

It certainly would have been the part of prudence in the circumstances of this case for the Colonial Trust Company to have inquired in the first instance of the Fidelity as to whom the balance in its hands should be paid; and what was enough to put it on inquiry, was notice. In the litigation just ended the guardian had assumed a relation of hostility to the Messrs. Edmundson & Cahan and so far as the Colonial knew that was still its relation. The fact that the fee paid by the Colonial to these attorneys had given rise to the recent litigation ought to have suggested that the way to prevent danger involving it in further litigation was to deal directly with the Fidelity. There was no apparent occasion for payment to counsel; but if there had been, the record showed that other counsel than these had been employed by the Fidelity to represent it. The course of the Colonial was therefore purely gratuitous and mistaken.

The Messrs. Edmundson & Cahan stand in no better position. The guardian had an undoubted right to discharge them at any time without giving reasons: Powers v. Rich, 184 Pa. 325;

Clark & Skiels on Agency, sec. 742. The relation of attorney and client should be one of confidence; and when confidence ceases the relation should cease. It is not necessary that formal notice of dismissal should be given. Thus death or insanity, or bankruptcy, or disbarment, or removal from the state will imply it: Mechem on Agency, sec. 888. So the employment of other counsel in litigation as in this case, which is inconsistent with continuance of the former relation, shows an unmistakable purpose to sever relations.

The Messrs. Edmundson & Cahan were of counsel entitled to compensation for the services actually rendered. The court made full allowance for the services rendered the administrator and they have no equity to toll the fund a second time.

It will thus be seen that the administrator and its counsel have failed to execute the decree of distribution made by this court; and decree will be made accordingly. The jurisdiction to make the decree implied power to enforce it.

*Error assigned* was decree enforcing distribution.

*L. C. Barton*, with him *J. F. Edmundson* and *E. R. Edmundson*, for appellant.—We respectfully submit that a case on all fours with this, and conclusive thereof is: In re Kennedy, 120 Pa. 497.

*J. Rodgers McCreery*, with him *W. B. Rodgers*, for appellee.—The court had jurisdiction: Balsbaugh v. Frazer, 19 Pa. 95; Watt's Est., 158 Pa. 1; Kunkle's Est., 21 Pa. Superior Ct. 200.

Appellants were not attorneys for the distribution: Anderson v. Bosworth, 15 R. I. 443 (8 Atl. Repr. 339).

PER CURIAM, May 21, 1909:

The decree is affirmed at the costs of the appellants upon the findings and opinion of the court below.