## McGOVERN v. G. A. SUTER & CO.

(Supreme Court, Special Term, New York County. June, 1916.)

JUDGMENT ⬤⟿138(3)—DISABILITY OF ATTORNEY—NOTICE TO APPOINT.

The prohibition of Code Civ. Proc. § 65, against further proceeding in an action against a party, whose attorney has become disabled to act, till 30 days after notice to appoint another attorney has been given him, is absolute, and not dependent on knowledge by the other party of the attorney's disability, so that the judgment taken by default, in contravention thereof, against plaintiff, when his attorney had been disbarred, must be vacated on motion.

[Ed. Note.—For other cases. see Judgment, Cent. Dig. § 254; Dec. Dig. ⬤⟿138(3).]

Action by Owen McGovern against G. A. Suter & Co. Plaintiff moves to vacate default judgment against him. Motion granted.

See, also, 159 N. Y. Supp. 476.

McDonald, Roesch & McDonald, of New York City, for the motion.
Phillips & Avery, of New York City (Frank M. Avery and Earl A. Darr, both of New York City, of counsel), opposed.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GIEGERICH, J.  This motion to vacate and set aside the judgment taken by default against the plaintiff must be granted, because at the time the judgment of dismissal was taken the plaintiff's attorney had been disbarred.  The fact that the defendant's attorneys and all persons connected with the defendant corporation were ignorant of such disbarment is immaterial.  The prohibition of section 65 of the Code of Civil Procedure against any further proceedings under such circumstances until 30 days after the notice provided in that section is absolute and in no way dependent on the knowledge of the other party of the death, removal or other disability of his adversary's attorney.

Motion granted, but without costs.  Order signed.