BENJAMIN KAMELHAAR, Plaintiff, *v.* NATIONAL TRANSPORTATION
Co. and Another, Defendants.

Supreme Court, Special Term, Bronx County, July 14, 1941.

*Samuel Yudell*, for the plaintiff.

*James A. Doherty*, for the defendants.

EDER, J. Motion for an order opening the default of plaintiff on defendants' motion to dismiss the complaint for lack of prosecution is granted. The plaintiff's former attorney was adjudged an incompetent in March, 1939. The motion papers to dismiss were addressed to him; they are dated July 26, 1939, and served by mail on said day as appears by the affidavit of service. The service of the motion papers as made was ineffective. Section 240 of the Civil Practice Act, entitled " Death, removal or disability of attorney," provides: " If an attorney dies, is removed or suspended or otherwise becomes disabled to act at any time before judgment in an action, no further proceeding shall be taken in the action against the party for whom he appeared until thirty days after notice to appoint another attorney has been given to that party either personally or in such manner as the court directs." The fact that the movant's attorney was unaware or had no knowledge of the fact that plaintiff's original attorney had been previously adjudged incompetent is of no moment. It is the existence of either of the conditions mentioned in the statute that is the all-controlling element and unless and until it is removed in the manner prescribed

by the statute, any proceeding attempted during that time is of no effect. In *People ex rel. Webb* v *Hunt* ([App. Div.] 12 N. Y. Supp. [2d] 776) the court in denying a motion to dismiss, said: " Motion to dismiss denied without costs on the ground that there is no proof that the provisions of Sec. 240 of the Civil Practice Act have been complied with."

The instant motion is quite proper and within the ruling in *Zielinski* v. *United States* (102 F. [2d] 469), construing said section 240. Settle order on one day's notice.