ELDRIDGE THOMAS, Plaintiff, *v.* MARY THOMAS, Defendant.

Supreme Court, Special Term, New York County, April 20, 1942.

*David S. Wolfson*, for the defendant.

*Richard L. Baltimore, Jr.*, appearing specially.

EDER, J. Motion to punish plaintiff for contempt for non-payment of alimony. Plaintiff instituted this action to obtain a decree of separation; he appeared in the action by Messrs. Dyett & Baltimore as his attorneys of record. It appears that on January 21, 1942, he formally discharged his said attorneys, who thereafter, and prior to the making of this motion, advised the defendant's attorney of their dismissal as the attorneys for the plaintiff. No other attorney has been retained by the plaintiff to represent him.

Though apprised of plaintiff's dismissal of his said attorneys, the motion papers upon this application were nonetheless served upon them as his attorneys. The defendant's position appears to be this, that until there is formal sanction and recognition by this court of the plaintiff's act, as evidenced by an order of this court, the appearance by the attorneys of record continues, and that until

such an order has been obtained all papers in the cause may be properly and validly served upon such attorneys.

I am of the opinion that this is a mistaken view, and that by the act of the plaintiff in discharging his attorneys they at once automatically became disabled from acting as such in the cause, and that they could no longer validly act or appear for plaintiff or represent him therein, and that no papers or process in the action could properly be served upon them as his attorneys; that section 240 of the Civil Practice Act became applicable, and that all proceedings in the action were thereupon stayed or suspended until thirty days after notice given to plaintiff to appoint another attorney as provided in said statute; and that upon his failure to do so after such notice given, papers in the action could thereafter be personally served upon him. (*Hoffman* v. *Rowley*, 13 Abb. Pr. 399; 6 C. J. p. 676, § 192; 7 C. J. S. p. 949, § 118; Weeks on Attorneys and Counsellors at Law, p. 428.)

Section 240 of the Civil Practice Act, entitled, " Death, removal or disability of attorney," provides: " If an attorney dies, is removed or suspended or otherwise becomes disabled to act at any time before judgment in an action, no further proceeding shall be taken in the action against the party for whom he appeared until thirty days after notice to appoint another attorney has been given to that party either personally or in such manner as the court directs."

The phrase " or otherwise becomes disabled " is of very broad scope and includes any act or condition which prevents the attorney from legally or normally functioning as the attorney for a party. Disability may result from divers causes; not only from death, disbarment or suspension from practice, but from insanity (*Kamelhaar* v. *National Transportation Co.*, 176 Misc. 1005), or dismissal by the client, or by the attorney's withdrawal from the case, voluntarily, or by direction of the court; also, when an attorney is serving in the armed forces of the nation, due to war, it results in disability within the meaning of the mentioned provision; disability may result from statutory disqualification or by reason of court rule or because of elevation to the bench (*Mudano* v. *Sichko*, 227 App. Div. 670; *Hempstead Harbor Lumber Corp.* v. *Sechko*, Id. 668), by abandonment of practice, retirement or permanent removal from the State.

Therefore, when plaintiff herein discharged his attorneys a condition of disability within the meaning of section 240 arose operative *eo instante* and all further proceedings against him in the action were thereupon stayed or suspended until the giving of the notice therein provided for. The command of the statute that no further proceeding in the action shall be taken as against the party for

whom the attorney has appeared, it is held, " is absolute." (*Commercial Bank* v. *Foltz*, 13 App. Div. 603, 605; *McGovern* v. *Suter & Co.*, 159 N. Y. Supp. 475, 476.)

The procurement of an order sanctioning the act of the plaintiff in discharging his attorneys was not necessary or essential to terminate the relationship of attorney and client. (1 Thornton on Attorneys at Law, p. 238, § 138.) Generally, where a party appears by attorney one has a right to presume, nothing else appearing to the contrary, that his employment as such is a continuing one to the end of the litigation (6 C. J. p. 672, § 184), and it is held that in ordinary cases an attorney has a right to consider his employment as so continuing unless dismissed by his client. (*Langdon* v. *Town of Castleton*, 30 Vt. 285; Weeks on Attorneys and Counsellors at Law, p. 438.) But when dismissal occurs presumption ends and terminates in fact.

No special formality is required to effect the discharge of the attorney and the termination of the relationship; any act of the client indicating an unmistakable purpose to sever relations is enough and there can be no further legal continuance in the case by the discharged attorney or valid appearance for or representations of the client. (*Ryan* v. *Martin*, 18 Wis. 672; *Schafer's Estate*, 39 Pa. Super. Ct. 384.)

In the instant case a disability existed resulting from the plaintiff's discharge of his attorneys of record and the subsequent service of the motion papers upon them in their supposed continuing capacity as his attorneys was wholly ineffective. As the attorney of the party cannot himself continue the relationship against the wishes of the client, certainly the adverse party cannot do so. However, it does not follow from the power of the client to discharge his attorney that it can be employed as a device to create a disability for the purpose of delaying trial or to hamper or defeat the administration of justice. Where the condition of disability is thus created, whether done solely by the client, or resulting from collusion, the statute is inoperative. The true design of the law is, in a proper case, giving due consideration to attending facts and circumstances, to afford a party left without counsel a reasonable opportunity to engage one to protect his interests and rights and the statute cannot be utilized or availed of for another and different purpose.

No proper or valid service of the motion papers was made and accordingly this motion is denied, without prejudice to renew upon making proper service. The decision of February third, granting the motion as by default, and made without knowledge at the time of the described situation, is withdrawn.