**COMMERCIAL LAUNDRY, Inc., et al. v. LINEN SUPPLY ASS'N OF GREATER NEW YORK, Inc., et al.**

United States District Court
S. D. New York.
May 1, 1950.

Louis B. Brodsky, New York City, for plaintiffs.

Rosenman, Goldmark, Colin & Kaye, New York City, (Seymour D. Lewis and Robert Lowenstein, New York City, of counsel), for defendants Central Coat, Apron & Linen Service, Inc., Sam Spatt, Roamer Linen Supply, Inc., Modern Silver Linen Supply Co., Inc., Gramercy Linen Supply, Inc., Premier Linen Supply & Laundry Service, Inc., Alex Vogel, Grecia Sanea, Standard Coat, Apron & Linen Service, Inc. (A New York Corporation), Standard Coat, Apron & Linen Service, Inc. (A New Jersey Corporation), Charles Maslow, General Linen & Laundry Co., Inc., Charles A. Bonoff, doing business as Cascade Laundry Co. and Fred S. Radnitz.

MEDINA, District Judge.

Certain defendants herein move for an order staying the taking of the deposition of one of the defendants, Meyer Stein, sued as Michael Stein, *alias* M. Michaels, hereinafter referred to as Stein, on the ground that plaintiffs have failed to comply with the requirements of § 240 of the New York Civil Practice Act.

Seventy-five defendants are joined in this action. Counsel for the defendants who make this motion were, until December 21, 1949, co-counsel for the defendant Stein. On that date Judge Alfred C. Coxe authorized both of Stein's attorneys to withdraw as his counsel, and he has, since that date, been without counsel.

Plaintiffs had noticed the examination of Stein prior to December 21, 1949, and that notice and a subpoena duces tecum were pending on December 21, 1949; both were withdrawn by plaintiffs when Stein's counsel withdrew. Subsequently a new notice and subpoena were served on Stein, and it is the pending examination resulting from this notice which defendants other than Stein now seek to stay.

§ 240 of the New York Civil Practice Act provides: "§ 240. Death, removal or disability of attorney. If an attorney dies, is removed or suspended or otherwise becomes disabled to act at any time before judgment in an action, no further proceeding shall be taken in the action against the party for whom he appeared until thirty days after notice to appoint another attorney has been given to that party either personally or in such manner as the court directs."

The Section is applicable to proceedings in the Federal Courts. Zielinski v. United States, 2 Cir., 1939, 102 F.2d 469.

No notice conforming to the statutory requirements has been given; the defendant Stein's knowledge that his attorneys have withdrawn is no substitute for the statutory notice. Thomas v. Thomas, 1942, 178 Misc. 349, 34 N.Y.S.2d 320. And it is clear that an attorney's withdrawal from a case is a disability covered by the section. Strauss v. Strauss, Sup. 1949, 89 N.Y.S.2d 281; see Thomas v. Thomas, supra, 178 Misc. at page 350, 34 N.Y.S.2d at page 323.

Nevertheless, no stay will issue. The deposition is part of the "proceedings" against the other seventy-four defendants and may become so as against Stein. These other defendants are afforded no protection by the statute; it protects only Stein's rights. See Thomas v. Thomas, supra, 178 Misc. at page 351, 34 N.Y.S.2d at page 324. Moreover, any proceedings that may be taken cannot affect Stein's substantive rights, since as to him, in the absence of any waiver, the proceedings are of no effect. See Kamelhaar v. National Transp. Co., 1941, 176 Misc. 1005, 29 N.Y.S.2d 745. Accordingly, no stay need issue to protect Stein's rights. Furthermore to issue a stay would disrupt the proceedings against the other seventy-four defendants, in so far as

the deposition may be viewed as part of those proceedings. The fact that the deposition may be of no effect as against Stein as a party and inadmissible against him is more than outweighed by its importance as part of the litigation against the other defendants. The deposition may be considered in this double aspect since Stein's status as a party is not essential to the taking of his deposition in the proceeding against the other seventy-four defendants; depositions may be taken of witnesses as well as of parties.

It does not necessarily follow from what has been said that the deposition may not be used against Stein as a party, since he has it within his power to waive the statutory protection. He may secure counsel who will continue the litigation without raising the point; Wilensky v. Philadelphia Casualty Co., Sup.1911, 131 N.Y.S. 549; Agricultural Insurance Co. v. Darrow, 1902, 70 App.Div. 413, 75 N.Y.S. 128; Arthur v. Schriever, 1891, 60 Super. 59, 16 N.Y.S. 610; Cronin v. O'Reiley, Super.Ct. 1889, 7 N.Y.S. 337. In the alternative, he may secure counsel who delay unreasonably in raising any question as to the failure to supply the statutory notice. Zielinski v. United States, supra. In either event the statutory requirement is waived.

The point is not that Stein has waived the notice requirement, for there is no such showing made. The point is that he may waive it and that it is his to waive; to grant the requested stay at the behest of the other defendants would be to preclude such a waiver. Of course Stein may never waive the statutory requirement, and plaintiffs take the position that they do not desire to serve and they may never serve the notice. It may thus transpire that no judgment may ever be entered against Stein as a party defendant. Strauss v. Strauss, supra.

Whatever may be the consequences of proceeding with this deposition should Stein stand strictly upon his rights and refuse to waive them, need not now be decided, nor is any such matter before me, as plaintiffs are evidently quite content to bear the burden of whatever risk may be involved.

What I do decide is that the other defendants may not stay proceedings on the plea of prejudice to Stein.

§ 240 is designed to protect Stein; it may not be utilized for tactical purposes by the other defendants. See Thomas v. Thomas, supra, 178 Misc. at page 351, 34 N.Y.S.2d at page 324.

The motion is denied.

Settle order on notice.